James S. SMITH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16957.

United States Court of Appeals District of Columbia Circuit.

Argued June 26, 1962.

Decided July 26, 1962.

Mr. James W. Lawson, Washington, D. C., with whom Mr. Francis W. McInerny, Washington, D. C. (appointed by this court), was on the brief, for appellant.

Mr. Barry Sidman, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Nathan J. Paulson, and Joseph Lowther, Asst. U. S. Attys., were on the brief, for appellee.

Mr. Abbott A. Leban, Asst. U. S. Atty., also entered an appearance for appellee.

Before EDGERTON, WASHINGTON and BASTIAN, Circuit Judges.

PER CURIAM.

Appellant was indicted as an accessory after the fact to the robbery by Ernest Greene of property of Pauline Turner, and was convicted. D.C.Code § 22–106 (1961). On appeal, court-appointed counsel makes several contentions, the chief of which is that "a person who is present before, during, and after a crime may not be convicted as accessory after the fact." The Government's evidence was to the effect that appellant and Greene were together when Greene snatched Pauline Turner's wallet, promptly handing it over to appellant; Greene and appellant then fled, and were separately apprehended. If this be believed, counsel urges, the Government should have charged appellant with advising, inciting, or conniving at the offense or aiding or abetting the principal offender." D.C.Code § 22–105 (1961). Be that as it may, we think the present case is controlled by Section 3 of Title 18 of the United States Code (1958), which provides:

"Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact."

The statute makes no exception for persons who are present at the scene of the crime, or who may have participated in the planning or execution of the offense. We see no reason why any such exception should be read into the statutory language. Cf. Skelly v. United States, 76 F.2d 483, 487 (10th Cir. 1935); White v. People, 81 Ill. 333 (1876).

We have reviewed all of the contentions made, and find no error affecting substantial rights.

Affirmed.