In the Matter of K. W. G., Appellant.
No. 10819.

District of Columbia Court of Appeals.

Submitted Jan. 17, 1977.

Decided March 28, 1977.

one person hiding in the closet and another under the bed. Subsequently, these two persons were brought back to the scene where complainant identified one of them as having committed the purse snatching.[1]

William V. DePaulo, Washington, D. C., appointed by this court, for appellant.

John R. Risher, Jr., Corp. Counsel, Washington, D. C., with whom Louis P. Robbins, Principal Asst. Corp. Counsel, Richard W. Barton and E. Calvin Golumbic, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and KELLY and KERN, Associate Judges.

PER CURIAM:

Appellant was found guilty after a fact-finding hearing in the Family Division of the trial court upon a petition charging him with obstructing justice in violation of D.C. Code 1973, § 22–703(a), viz., willfully endeavoring "by means of misrepresentation to obstruct [sic], delay and prevent communication to . . . Police Department officers . . . of information relating to a violation of 22 D.C.Code 2901 [robbery]."

The evidence adduced was that two uniformed police officers responded to the scene of a purse snatching, were led by an eyewitness who could identify one of the two robbers to a nearby apartment house, were told by a repairman there that two boys had recently entered Apartment 303 and, upon knocking on that apartment door and waiting for some while, were confronted by appellant who opened the door. He told the officers that no one else was there but permitted them to enter. Their attention upon entry was drawn to a closed and locked door of one of the rooms. Appellant advised them that no one was in the room which was always kept locked by his sister in her absence. Disbelieving appellant, the officers forced open the door and discovered

Appellant asserts that the evidence does not support the court's finding of a violation of Section 22–703(a), which proscribes a willful endeavor "by means of . . . misrepresentation . . . [to] obstruct, delay or prevent the communication to an investigator of the District of Columbia government by any person of information relating to a violation of any criminal statute in effect in the District of Columbia . . . ." Specifically, appellant contends (Brief at 5) that there is "certainly no evidence, that any person wished to communicate that information [concerning the purse snatching] to the police or that such person was obstructed, prevented or delayed from communicating that information by any misrepresentation of K. W. G. The language of . . . 22 D.C.Code 703(a) . . . is plainly directed towards the protection of persons who would convey information to the police except for interference from another person."

We agree with appellant's contention. As we view the evidence appellant sought to hide two robbery suspects immediately after a robbery was committed and was caught by the police in the act of hiding them. Given the fact that the two fugitives were seeking to *avoid* rather than initiate any communication with the police concerning the robbery then under investigation, we are not persuaded that the evidence adduced supported the crime with which appellant was charged. Proof of violation of the statute requires a showing that one "willfully endeavors . . . to . . . prevent the communication to an investigator . . . by any . . . person of information relating to a violation." No such showing was made by the government. While arguably the evidence

---

1. Appellant was not charged as a principal in the robbery, although the complaining witness asserted at the fact-finding hearing (Record at 41, 102) that he had participated. The record reflects (Record at 55) that she did *not* so identify him at the show-up on the scene.

might support a charge that appellant was an accessory after the fact to the commission of a robbery by reason of his assistance to the other two persons to prevent their apprehension by police,[2] the record cannot support the court's finding of guilty of obstruction of justice by appellant in violation of Section 22–703(a).

Accordingly, the finding of guilty must be and is

*Reversed.*

---

2. *See* D.C.Code 1973, § 22–106; 18 U.S.C. § 3 (1970); *United States v. Barlow*, 152 U.S.App. D.C. 336, 343, 470 F.2d 1245, 1252 (1972).