Jerome HARLING, Appellant,

v.

UNITED STATES, Appellee.

No. 11426.

District of Columbia Court of Appeals.

Argued Dec. 8, 1977.

Decided Jan. 24, 1978.

David C. Niblack, Washington, D. C., appointed by this court, for appellant.

Neil I. Levy, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Peter E. George and William J. Hardy, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KELLY, KERN and FERREN, Associate Judges.

PER CURIAM:

Appellant was convicted by a jury of felony murder (D.C. Code 1973, § 22–2401), first-degree murder (D.C. Code 1973, § 22–2401), first-degree burglary while armed (D.C. Code 1973, §§ 22–1801(a), –3202), two counts of armed robbery (D.C. Code 1973, §§ 22–2901, –3202), and four counts of as-

sault with a dangerous weapon (D.C. Code 1973, § 22–502). The two issues raised on appeal are whether the trial court erred (1) by denying a continuance to retain new counsel thereby forcing appellant to trial with appointed counsel, and (2) by permitting the prosecution to suggest in examination and summation that certain exculpatory testimony by a hostile witness was brought about by coercion from appellant. We affirm.

During a pretrial motions hearing appellant expressed his dissatisfaction with court-appointed counsel and requested time to retain his own attorney. The proceedings were recessed to the following day when, upon inquiry by the court, appellant stated that he was unable to raise the money to retain counsel. The court then informed appellant that the case would go to trial on that day, and refused to permit appellant to discharge appointed counsel. Appellant replied: "Your Honor, I do not wish to represent myself, but you leave me no other choice because [court-appointed counsel] cannot represent me, and I do not want him to be my legal advisor." The process of jury selection consumed the remainder of the trial's first day. When it became apparent that appellant was unfamiliar with voir dire, appointed counsel was asked by the trial court to complete the selection of jurors.

When the proceedings reopened on the following business day, Mr. Kenneth Robinson, who had successfully represented appellant's brother in a trial on the same facts,[1] asked permission to address the court and explained that appellant's family was attempting to retain him to represent appellant in this second trial. Because they could not raise his retainer fee, the family was attempting to post collateral. Mr. Robinson indicated that, possibly, this would be

done within the hour, and he would then enter an appearance on behalf of appellant. He warned, however, that after entering an appearance he would request a continuance. Concerned with the amount of time already expended in bringing this case to trial,[2] and without an assurance that Mr. Robinson was willing to proceed with the trial from the point it had reached, the court stated:

Mr. Harling, after further discussion with Mr. Robinson, I have learned that even if the fee could be paid within the next hour, he would not be ready, willing and able to proceed with this trial. Accordingly, his request for a continuance is denied.

The trial continued with the court-appointed attorney representing appellant.

The government called as its witness one Larry Johnson who had testified at the earlier trial of appellant's brother where he fully implicated appellant. The government called Johnson with advance knowledge that he would contradict his prior testimony and exculpate appellant. Mr. Johnson was later recalled as a defense witness, and on cross-examination, the prosecutor explored Johnson's motives for changing his story and suggested that it may have been because he feared reprisal from appellant. Again, in summation, the prosecutor alluded to the possibility of fear as a motive for Johnson's inconsistent testimony.

■■■ Appellant first contends that the trial court's denial of appellant's motion for a further continuance in order to retain an attorney to replace his court-appointed lawyer deprived him of his Sixth Amendment right to counsel. We agree that an accused must be given reasonable time and opportunity to engage an attorney, *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), but it does not follow that his right

1. Appellant and his brother, Michael Harling, were indicted as codefendants in this case. However, a motion for severance was granted. Michael Harling was tried first and was acquitted.

2. Appellant was indicted on March 26, 1975, but failed to appear for his arraignment and a bench warrant was issued. Appellant re-

mained a fugitive from justice until December 11, 1975, when he was arraigned and received court-appointed counsel. Trial was then continued six times for various reasons until June 15, 1976, when the trial court heard a series of pretrial motions. The colloquy between the trial court and attorney Robinson took place on June 21, 1976.

to a particular attorney is absolute and unqualified. *United States v. Sexton*, 473 F.2d 512, 514 (5th Cir. 1973). *See United States v. Harrelson*, 477 F.2d 383 (5th Cir.), *cert. denied*, 414 U.S. 847, 94 S.Ct. 133, 38 L.Ed.2d 95 (1973); *United States ex rel. Baskerville v. Deegan*, 428 F.2d 714 (2d Cir.), *cert. denied*, 400 U.S. 928, 91 S.Ct. 193, 27 L.Ed.2d 188 (1970). The right to counsel is limited by the reasonableness of the defense actions in exercising his right and the orderly function of the judicial system. *United States v. Bragan*, 499 F.2d 1376 (4th Cir. 1974); *United States v. Cozzi*, 354 F.2d 637 (7th Cir. 1965), *cert. denied*, 383 U.S. 911, 86 S.Ct. 896, 15 L.Ed.2d 666 (1966). Appellant was arraigned and accepted court-appointed counsel on December 11, 1975. It was not until June 16, 1976, however, that appellant informed the court that he wished to retain different counsel. Mr. Robinson indicated on the record that he was first contacted regarding a private retainer arrangement sometime in February 1976, but that an agreement could not be reached. It is thus obvious that appellant had had ample time to secure new counsel but failed to do so before trial. And as the court noted, this case had been pending for a year and a half and during this time, as well as at trial, appointed counsel had been both diligent and professional in representing appellant's best interests. Since the record shows no factual basis for any dissatisfaction with appointed counsel, appellant's claim of error is controlled by our decision in *Gressette v. United States*, D.C.App., 256 A.2d 418 (1969). As in that case, the trial court's denial of a continuance to obtain new counsel did not deny appellant's constitutional rights in the absence of discernible prejudice to him and in light of appointed counsel's competence. As the United States Court of Appeals for the Fourth Circuit has said:

> [T]he constitution does not afford an accused, who has ample time to obtain counsel, the "unbridled right" to insist that his trial be held in abeyance while he replaces one competent attorney with another. [*United States v. Bragen, supra* at 1379, *quoting United States v. Grow*, 394 F.2d 182, 209 (4th Cir.), *cert. denied*, 393 U.S. 840, 89 S.Ct. 118, 21 L.Ed.2d 111 (1968).]

■ Appellant also contends that it was error to permit the prosecutor to suggest in examination and to comment in summation that the witness, Larry Johnson, was coerced by appellant to change his testimony. At the outset we note that counsel objected to neither the examination nor the summation. As we said in *Watts v. United States*, D.C.App., 362 A.2d 706, 709 (1976) (en banc), "errors not objected to at trial are unreachable on review unless they fall within the purview of the plain error rule." The plain error doctrine encompasses errors which are obvious, affect the substantial rights of the accused and if uncorrected would be an affront to the integrity and reputation of judicial proceedings. *Watts v. United States, supra*; *Adams v. United States*, D.C.App., 302 A.2d 232 (1973); *Bunter v. United States*, D.C.App., 245 A.2d 839 (1968). *See Silber v. United States*, 370 U.S. 717, 82 S.Ct. 1287, 8 L.Ed.2d 798 (1962); *Johnson v. United States*, 318 U.S. 189, 199–201, 63 S.Ct. 549, 87 L.Ed. 704 (1943); *United States v. Atkinson*, 297 U.S. 157, 56 S.Ct. 391, 80 L.Ed. 555 (1936).

■ The scope of cross-examination is a subject always open to the broad discretion of the trial judge. *Hyman v. United States*, D.C.App., 342 A.2d 43, 44–45 (1975). The same holds true for questions regarding the proper scope of closing arguments. *United States v. Sawyer*, 143 U.S.App.D.C. 297, 298, 443 F.2d 712, 713 (1971). Evaluating the record of the instant case in light of these standards, we conclude that the trial court did not abuse its discretion, let alone commit plain error. Accordingly, the judgments of conviction are

*Affirmed.*