**Alvin ELLIOTT, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 10965.**

District of Columbia Court of Appeals.

Submitted Feb. 21, 1978.

Decided April 24, 1978.

Marc H. Sliffman, Greenbelt, Md., appointed by the court, was on brief, for appellant.

Earl J. Silbert, U. S. Atty. and John A. Terry, Michael W. Farrell and Ann P. Gailis, Asst. U. S. Attys., Washington, D. C., were on brief, for appellee.

Before NEBEKER and MACK, Associate Judges and HOOD, Chief Judge, Retired.

PER CURIAM:

Appellant appeals his conviction in a jury trial of obstruction of justice in violation of D.C.Code 1973, § 22–703(a).[1] Finding no error, we affirm.

On July 22, 1975, Mr. Albert Elliott, the appellant's twin brother, was arrested on a charge of false pretenses. For several days preceding his arrest, Albert had been utilizing a stolen credit card in order to stay at a hotel. When the hotel learned that the card had been stolen it demanded that Albert pay the bill; he refused to do so. Albert presented himself to the arresting officer as Alvin Elliott, and produced a District of Columbia driver's license in that name.

Albert Elliott was then taken to the police station where he was interviewed and

---

1. That section provides as follows:

Whoever corruptly, by threats or force, endeavors to influence, intimidate, or impede any juror, witness, or officer in any court in the District in the discharge of his duties, or, by threats or force, in any other way obstructs or impedes or endeavors to obstruct or impede the due administration of justice therein, or whoever willfully endeavors by means of bribery, misrepresentation, intimidation, or force or threats of force, to obstruct, delay, or prevent the communication to an investigator of the District of Columbia government by any person of information relating to a violation of any criminal statute in effect in the District of Columbia, or injures any person or his property on account of the giving by such person or by any other person of such information to any such investigator in the course of the conduct of any criminal investigation, shall be fined not more than $1,000 or be imprisoned not more than three years, or both.

fingerprinted. At the preliminary hearing on August 7, 1975, Albert Elliott was ordered to appear that afternoon at the Check and Fraud Unit to give handwriting samples. At the appointed time, the appellant, identifying himself only as Mr. Elliott, appeared and gave a writing exemplar. An officer who had been present at the preliminary hearing noticed that the individual who appeared to give the exemplar wore slightly different clothes and had different mannerisms. The officer's suspicion precipitated the taking of appellant's fingerprints. It was subsequently discovered that Alvin and Albert were identical twins, and that it was Alvin who had given the writing exemplar. On August 11, 1975, appellant was arrested for obstruction of justice. Further handwriting exemplars showed that although appellant had given the writing samples, it was his brother who had signed the documents in connection with the stolen credit card. The defense presented no evidence. ·

Appellant does not claim that he thought the court order was directed to him, nor does he dispute having given the writing sample. He contends instead that the government failed to establish an essential element of its case. It is his argument that since there is no evidence that the appellant prevented Albert Elliott from communicating with any investigators or members of the police department, the trial court erred in denying his motion for judgment of acquittal.

Appellant relies on the case of *In re K. W. G.*, D.C.App., 374 A.2d 852 (1977). In that case, two police officers responding to the scene of a purse-snatching were directed by witnesses to an apartment where appellant opened the door. Appellant told the officers that no one else was in the apartment, but permitted them to enter. The officers found two individuals who were subsequently identified as having committed the purse-snatching hiding in the apartment. Appellant was charged with obstruction of justice. The court concluded that the language of the statute was directed toward the protection of persons who would convey information to the police except for the interference of the person charged. In other words, the government failed to show that the two persons hiding in the apartment wished to communicate with the police.

In the instant case, however, whether Albert Elliott wished to communicate with the police becomes insignificant; he was under court order to do so. It is probable that he would have preferred not to give handwriting samples, but he had no choice in the matter. Therefore, unlike *In re K. W. G.*, there was a showing that information would have been supplied absent interference from appellant. To the extent that Albert was charged with complying with the court order, he was entitled to the protection of the statute.

In construing the "more narrowly drafted" federal statute on obstruction of justice, 18 U.S.C. § 1503 (1970),[2] this court

2. That section provides as follows:

Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any witness, in any court of the United States or before any United States commission or other committing magistrate, or any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States commissioner or other committing magistrate, in the discharge of his duty, or injures any party or witness in his person or property on account of his attending or having attended such court or examination before such officer, commissioner, or other committing magis-

trate, or on account of his testifying or having testified to any matter pending therein, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, commissioner, or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by threats or force, or by any threatening letter of communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

concluded that " ' . . . The statute is broad enough to cover any act, committed corruptly, in an endeavor to impede or obstruct the due administration of justice . . . .' " *Hall v. United States*, D.C. App., 343 A.2d 35, 39 (1975), *quoting Samples v. United States*, 121 F.2d 263, 265–66 (5th Cir. 1941).

In view of the fact that Albert Elliott was compelled to giving handwriting exemplars whether he wished to or not, and appellant's action was designed to prevent him from so doing, we conclude that the trial court properly refused to grant a judgment of acquittal.

Accordingly, the judgment appealed from is

*Affirmed.*