Darby CLARK, Appellant,

v.

UNITED STATES, Appellee.

No. 13063.

District of Columbia Court of Appeals.

Submitted May 1, 1980.

Decided Aug. 14, 1980.

Paul D. Warring, Washington, D. C., appointed by this court, was on the brief for appellant.

Charles F. C. Ruff, U. S. Atty., and John A. Terry, Michael W. Farrell and H. Lowell Brown, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before NEBEKER, HARRIS and PRYOR, Associate Judges.

NEBEKER, Associate Judge:

Appellant was convicted following a jury trial of being an accessory after the fact of an armed robbery. See D.C. Code 1973, § 22–106. The appellant contends that his motion for acquittal should have been granted by the trial court because of insufficiency of the evidence.[1] Having reviewed the government's evidence in this case, we agree with the appellant's contention that there was insufficient evidence from which a jury could have found him guilty beyond a reasonable doubt. Accordingly, we reverse.

1. Appellant also argues that the trial court erred in not giving a jury instruction concerning prior inconsistent statements. Such an instruction is not required since the alleged statements were admitted as substantive evidence in the case. See Forbes v. United States, D.C. App., 390 A.2d 453, 457 (1978).

## I

The synopsized facts of this case are as follows. On July 10, 1976, a Mr. Wood was sitting outside an apartment building counting money he had received after cashing an employment check. He was approached by a lone individual who took Mr. Wood's money at gun point. Two police patrolmen were alerted that a robbery was in progress and saw a man hurrying away from the vicinity of the report. One of the officers gave chase on foot. Meanwhile, the remaining officer radioed a report that a suspect in a robbery incident was running down an alley towards Fifteenth Street, N.W. Officer Wendel, who was patrolling nearby in a scout car and who had heard the radio report, saw a man emerge from an alley and jump into a slowly moving car. The car proceeded at normal speed. Officer Wendel activated the scout car's emergency equipment and the car containing the suspect pulled over to the side of the road. There was no attempt to avoid Officer Wendel. The suspect, Mr. McLaughlin, was removed from the car and was identified at the scene of the arrest by Mr. Wood as the person who had robbed him. The appellant was the driver of the stopped automobile. No other evidence pointing to his guilt was offered in the government's case in chief.

The appellant testified at trial that he knew McLaughlin from a "relationship of about two or three months." [2] The appellant said that on the evening of the robbery, McLaughlin got his attention when the appellant and two of his friends were driving downtown. McLaughlin told them there was a party going on, but he didn't know the exact address. McLaughlin asked to be dropped off in the vicinity of 1400 W Street, N.W., to get some more information about the party. Appellant agreed and,

after letting McLaughlin out, he drove around the block waiting for McLaughlin to return. The appellant said that he did not see McLaughlin again until McLaughlin jumped into the car. When the appellant saw the police car behind them, he immediately stopped.

Additional government evidence as to the appellant's guilt was Officer Wendel's rebuttal testimony that on the evening of McLaughlin's arrest, the appellant denied knowing McLaughlin.

## II

■ Upon a claim of insufficiency of the evidence, we "'review the evidence in a light most favorable to the government, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact.'" *Sousa v. United States*, D.C.App., 400 A.2d 1036, 1043, *cert. denied*, 444 U.S. 981, 100 S.Ct. 484, 62 L.Ed.2d 408 (1979), *quoting Byrd v. United States*, D.C.App., 388 A.2d 1225, 1229 (1978). We are also mindful that "'circumstantial evidence is not considered inferior to direct evidence in any respect.'" *United States v. Rux*, 412 F.2d 331, 333 (9th Cir. 1969) (citations omitted). But to sustain a conviction, we must find that there was sufficient evidence from which a reasonable jury could have found the accused guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *reh. denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *Sousa v. United States, supra; Glass v. United States*, D.C.App., 395 A.2d 796, 807 (1978); *Curley v. United States*, 81 U.S.App.D.C. 389, 392, 160 F.2d 229, 232, *cert. denied*, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947).

---

2. We recite the appellant's testimony not because it is to be read by us as having been accepted as true by the jury, but to remain faithful to the axiom of *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *reh. denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979) and *Curley v. United States*, 81 U.S.App.D.C. 389, 160 F.2d 229, *cert. denied*, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947), that on a sufficiency of evidence ques-

tion the courts must consider all evidence. *See In re A.B.H.*, D.C.App., 343 A.2d 573 (1975). The defense evidence may be used to bolster the prosecution's case. *See Thompson v. United States*, 132 U.S.App.D.C. 38, 40, 405 F.2d 1106, 1108 (1968). However, in this case the defense evidence has limited significance since it has no bolstering quality which might aid the prosecution.

■ The appellant was indicted for being an accessory after the fact to the robbery committed by McLaughlin. D.C.Code 1973, § 22–106 provides the maximum terms of punishment of an accessory after the fact.[3] In absence of a statutory definition of the elements of the crime, we look to the common law. Under the common law, "[a]n accessory after the fact is one who, knowing a felony to have been committed by another, receives, relieves, comforts, or assists the felon in order to hinder the felon's apprehension, trial, or punishment." *Skelly v. United States*, 76 F.2d 483, 487 (10th Cir. 1935) (citing, among others, Jones' Blackstone, Books 3 and 4, at 2204). It is plain that our D.C. statute has modified this common law definition to the extent that one can be an accessory after the fact to any criminal offense subject to a fine or punishment rather than connecting the offense to felonies. This modification is consistent with the comparable federal provision found at 18 U.S.C. § 3 (1976). Summarized, an accessory after the fact is one who, "with knowledge of the principal crime, rendered aid to the guilty actor." 2 Wharton's Criminal Procedure § 285 (12th ed. 1975).

■ We conclude that the evidence in this case was insufficient to support an inference that when the appellant drove McLaughlin one block or less, the appellant knew that McLaughlin had committed the robbery. Such personal knowledge, while often not susceptible to direct proof, is required for a conviction of being an accessory after the fact. Adequate proof of guilty knowledge being lacking, the conviction must be reversed. *See United States v. Eaton*, 485 F.2d 102 (10th Cir. 1973); *Harris v. State*, 290 So.2d 924 (Miss.1974).

The evidence taken in the light most favorable to the government, established that the appellant: knew McLaughlin; was with him the night of the robbery; was obviously waiting for him to return to the car while the robbery was in progress; drove the car which McLaughlin entered after the robbery; and denied knowing McLaughlin when questioned at the scene of the arrest. One could draw a possible inference from appellant's denial of knowing McLaughlin that the appellant had some personal knowledge of McLaughlin's guilt and wanted to avoid association. *Cf. United States v. Bissonette*, 586 F.2d 73, 76 (8th Cir. 1978) (a jury may infer from the evidence presented the accused's guilty knowledge). However, in the context of these facts, we think this evidence is too sketchy and tentative to permit such a weighty inference given the applicable standard of proof.

■ Under some circumstances, merely allowing a person who has committed an offense "to ride in [one's] automobile away from the scene of [a] crime–albeit for only a short distance–" is a sufficient act to constitute an indictment of being an accessory after the fact. *Moore v. State*, 94 Ga.App. 210, 215, 94 S.E.2d 80, 86 (1956). *See Orlando v. United States*, 9 Cir., 377 F.2d 667, *vacated on other grounds*, 387 F.2d 348 (9th Cir. 1967); *State v. Potter*, 221 N.C. 153, 19 S.E.2d 257 (1942). However, the act must be shown to have been done with the guilty knowledge that the person aided has committed an offense. Not only did the government fail to prove that the appellant knew of McLaughlin's criminal behavior, but appellant's normal driving speed after McLaughlin entered the car and the appellant's immediate cooperative stop upon the activating of the police emergency equipment argues against any inference of guilt available from other evidence. *Cf. Matter of K.W.G.*, D.C.App., 374 A.2d 852 (1977) (the accused tried to impede the police in their endeavors to locate a robbery suspect hidden in the accused's apartment). The inference as to the appellant's guilty knowl-

---

3. D.C.Code 1973, § 22–106 reads:

Whoever shall be convicted of being an accessory after the fact to any crime punishable by death shall be punished by imprisonment for not more than twenty years. Whoever shall be convicted of being accessory after the fact to any crime punishable by imprisonment shall be punished by a fine or imprisonment, or both, as the case may be, not more than one-half [of] the maximum fine or imprisonment, or both, to which the principal offender may be subjected.

edge is so attenuated as to not be sufficient to constitute a finding of guilt beyond a reasonable doubt. *United States v. Eaton, supra* at 109.

Finally, under the refined analysis of *Jordan v. United States*, D.C.App., 350 A.2d 735 (1976); *Coleman v. United States*, 111 U.S.App.D.C. 210, 295 F.2d 555 (1961); and *Carter v. United States*, 96 U.S.App.D.C. 40, 223 F.2d 332 (1955); concerning the continuing nature of the crimes of robbery during the asportation of the goods, we seriously doubt the appropriateness of a conviction as an accessory after the fact of a driver of a getaway car containing a person who has committed these offenses and who is still being pursued by the police.

> The gist of being an accessory after the fact lies essentially in obstructing justice by rendering assistance to hinder or prevent the arrest of the offender after he has committed the crime. . . . The very definition of the crime also requires that the felony not be in progress when the assistance is rendered because then he who renders assistance would aid in the commission of the offense and be guilty as a principal.[4] [*United States v. Barlow*, 152 U.S.App.D.C. 336, 343–44, 470 F.2d 1245, 1252–53 (1972).]

For reasons stated, we conclude that appellant's motion for acquittal should have been granted by the trial court. The conviction is reversed and the case remanded for entry of a judgment of acquittal.

*Reversed and remanded.*

---

4. *Smith v. United States*, 113 U.S.App.D.C. 126, 306 F.2d 286 (1962) is distinguished from this situation in that we read *Smith* to have held that one can be guilty of two offenses related to a single happening. One can be at the scene of the crime and be a principal participant, but one can also do other acts which would justify a conviction as an accessory after the fact. Smith was at the scene when an Ernest Greene took a wallet from the victim. Greene gave the wallet to Smith and both ran from the scene. No pursuit is indicated. It must be reasoned the robbery was complete at the time Greene gave Smith the wallet. However, since Smith was present at the scene, she might have been prosecuted as an aider and abettor to the crime if she had in some way participated in the taking.