Melvin D. DOWNING, Appellant,

v.

UNITED STATES, Appellee.

Warren JEFFERSON, Appellant,

v.

UNITED STATES, Appellee.

Nos. 80–154, 80–385.

District of Columbia Court of Appeals.

Argued April 7, 1981.

Decided Aug. 4, 1981.

James R. Klimaski, Washington, D. C., appointed by this court, with whom Katharyn M. Marks and Michael J. Gaffney, Washington, D. C., were on the briefs, for appellant Downing.

Richard F. Goodstein, Washington, D. C., appointed by this court, with whom Timothy B. Dyk, Washington, D. C., was on the brief, for appellant Jefferson.

A. Carlos Correa, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty. and John A. Terry, Michael W. Farrell and Reggie B. Walton, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and KERN and FERREN, Associate Judges.

KERN, Associate Judge:

A jury convicted appellants of assault with intent to commit robbery while armed. D.C.Code 1973, §§ 22–2902, –3202.[1]

Appellants contend the trial court erred in denying their motion for a mistrial which they based upon certain testimony the complaining witness gave from the stand while recounting to the jury how she had gone to a nearby hotel for help after being pistol-whipped on the street. She testified spontaneously on direct examination before the prosecutor could stop her concerning a comment by another person who was not a witness at the trial but to whom she had spoken at the hotel. The statement of this out-of-court declarant, repeated by the complainant to the jury before she was interrupted in mid-sentence, was in relevant part: "she asked me was it in a brown car, and I told her, Yah, she said those sound like the same dudes that had assaulted. . . ."

■■■ The trial court, after a conference with counsel, refused to grant a mistrial, concluding "this jury has heard so little of it" and "I don't believe that anything has occurred that would be overly prejudicial." However, the court instructed the jury, among others: "Any reference made by . . . any person to a witness about some similarity of automobile, should be totally disregarded. . . . And these defendants are not on trial for anything that may have occurred in reference to some other witness. . . . In any event, any reference to what somebody else commented about some other brown automobile is not a fact to be considered by this jury in this case." The cautionary instruction was sufficient and not itself misleading; we are not persuaded the discretion vested in the trial court to grant a mistrial was abused here. *Hallman v. United States*, D.C.App., 410 A.2d 215 (1979); *Middleton v. United States*, D.C. App., 401 A.2d 109, 127 (1979).[2]

---

1. The trial judge entered a judgment of acquittal of the other charge against them: carrying a pistol without a license. D.C.Code 1973, § 22–3204.

2. Appellants also complain about certain comments made by the prosecutor to the jury during his closing argument. Since they made no objection to these comments at trial we can

██ Appellant Jefferson urges several additional grounds for reversal, only one of which requires discussion.[3] He argues that the trial court should have granted his motion for judgment of acquittal at the conclusion of the prosecution evidence because it was insufficient as a matter of law to show he had aided and abetted his codefendant in the assault upon the complaining witness.

In essence, the complainant testified that she saw two men alight from a car; they walked past her and then came back; and, one of them, pointing a gun at her, demanded that she give "everything you got." He then struck her on the head with a pistol. (Record at 31–32.) Her face was bloodied, she screamed and they ran. She saw one of the men run down the street and that he "had his hand on the door handle of a brown Granada, and he looked back down the street and he saw me looking up the street at him, so he ran through the alley."[4]

The complaining witness testified that she thereupon "went to the Granada, and I saw another man behind the steering wheel. And I looked at him, and I told him I never forget him." (Record at 33). She made a mental note of the car's license number[5] and as she ran down 13th Street toward R Street and the hotel, she again saw the car, this time waiting at a stoplight. (Record at 33–34.) The complaining witness made an in-court identification of appellant Jefferson as the driver of the car. (Record at 36.)

In addition, the complainant, while testifying, drew a diagram showing where she was when assaulted and where the car was located when she saw the two men get out of it. (Record at 51.) In making the diagram she testified that the car, at the time one of her two assailants was about to enter it *after* the assault, was still in the same place as it had been *before* the assault when she had seen the two men get out of it. (Record at 52.)

The trial court denied the motion for a judgment of acquittal on the assault charge, ruling:

I cannot say, as a matter of law, that a jury could not draw a reasonable inference from the evidence and find beyond a reasonable doubt that the defendant aided and abetted in the attempted robbery. The evidence as I view it shows that the codefendant and the third party were seen leaving the automobile at about 7:00 o'clock on 13th Street near Wallach. That the codefendant Downing and the third party Williams, according to the testimony, approached and assaulted the complaining witness, and she later gave chase to them as one of them was about to reenter the automobile. There's a reasonable inference she was bleeding at that time and in chase of the other defendant and the third party. They were later discovered, approximately 20 minutes later, a couple of blocks away. A few blocks away in the automobile with

reverse the judgment of conviction only if the comments amount to plain error, defined as "affecting the substantial rights of the accused [which] if uncorrected would be an affront to the integrity and reputation of judicial proceedings." *Harling v. United States*, D.C.App., 382 A.2d 845, 847 (1978). We have reviewed each specific comment by the prosecutor cited to us as constituting reversible error and we conclude that when viewed in context they are not such as to warrant a reversal of the judgment of conviction. Essentially, the remarks are comments reasonably related to the evidence adduced.

3.  His argument that his defense and that of his codefendant so conflicted as to require a severance of their trials is without merit. The contradiction in their respective defenses was not so "clear and substantial" on this record that

the jury could have concluded guilt *solely* on the conflicting defenses. *Williams v. United States*, D.C.App., 382 A.2d 1 (1978).

His argument that he was entitled to advice from the trial court, *sua sponte*, of the right to proceed to trial without counsel is wholly meritless. *Tuckson v. United States*, D.C.App., 364 A.2d 138, 140 (1976).

4.  His codefendant had already run down this alley.

5.  She gave this tag number to the police officer responding to the scene. (Record at 97.) The car with such tags was stopped on 12th Street near T Street by the police shortly thereafter; it contained the appellants and one other. A pistol was also in the car. (Record at 121.)

the weapon—with a weapon that looked like the weapon that was used.

The motion will be denied at this time. [Record at 194–95.]

Appellant Jefferson presses upon us as dispositive of his appeal our recent decision in *Clark v. United States*, D.C.App., 418 A.2d 1059 (1980). However, in that case involving the prosecution as an accessory after the fact of a purported getaway driver, we concluded the evidence "was insufficient to support an inference that when appellant drove McLaughlin [the robbery suspect] one block or less, the appellant knew that McLaughlin had committed the robbery. Such personal knowledge, while often not susceptible to direct proof, is required for a conviction of being an accessory after the fact. Adequate proof of guilty knowledge being lacking the conviction must be reversed." *Id.* at 1061.

In contrast to *Clark*, there was evidence here that complainant saw her two assailants get out of the car appellant Jefferson was driving and almost immediately thereafter they assaulted her. Then, she saw one of them return to that car after committing their assault upon her. When she ran after him to the car, appellant Jefferson had an opportunity to see her bloodied face as well as her continued pursuit of the assailant. A short time later, the police stopped the car appellant Jefferson was driving and his two passengers were the two men who had assaulted her. Under these circumstances, we are persuaded that jurors might reasonably infer that appellant Jefferson knew of the assault his passengers had committed. On the evidence, giving the government the benefit of all reasonable inferences, we are unable to conclude "no reasonable mind could fairly have found the defendants guilty without a reasonable doubt." *United States v. Bolden*, 169 U.S.App.D.C. 60, 64–65, 514 F.2d 1301, 1305–06 (1975), cited with approval in *Calhoun v. United States*, D.C.App., 369 A.2d 605, 607 (1977).

*Affirmed.*

1. D.C. Code 1973, §§ 22–501, –3202.

FERREN, Associate Judge, concurring:

According to the standard instruction which the court gave to the jury, "[a] person aids and abets another in the commission of a crime if he knowingly associates himself in some way with the criminal venture with the intent to commit the crime, participates in it as something he wishes to bring about, and seeks by some action of his to make it succeed." Criminal Jury Instructions for the District of Columbia, No. 4.02 (3d ed. 1978). An aider and abettor is liable as a principal to the crime. *See* D.C. Code 1973, § 22–105. The weakest link in the government's case charging appellant Jefferson with assault with intent to commit robbery while armed [1]—a specific intent crime—is the evidentiary basis for the subjective elements of aiding and abetting: Jefferson's "knowing" association with the criminal venture and his "intent to commit the crime."

I believe, however, that a reasonable juror could conclude beyond a reasonable doubt that Jefferson had the required knowledge and intent and was guilty as charged on the basis of evidence tending to show the following: (1) Although Jefferson apparently did not see the assault, he parked the Granada and watched his companions get out of the car and head toward the complaining witness; (2) after the assault, the complaining witness saw one of her assailants run up to the parked car Jefferson was driving and grab the door handle, as though to enter, before running down the alley; (3) the complaining witness passed by the car and saw Jefferson (whom she positively identified) at the wheel; and (4) the police picked up Jefferson and the other assailants in the same car approximately 20 minutes later.

Although this is a borderline case of circumstantial evidence of Jefferson's knowledge and intent, I would not second-guess the jury here.[2]

2. Arguably, the evidence warrants only an inference that Jefferson knew his colleagues were approaching the complaining witness for

NEWMAN, Chief Judge, dissenting:

The facts of this case with respect to appellant Jefferson are almost identical to those in *Clark v. United States*, D.C.App., 418 A.2d 1059 (1980), where we reverse the conviction on grounds of insufficient evidence. I am unpersuaded by the majority's attempt to distinguish that case from the instant one, and dissent from the affirmance of Jefferson's conviction.

some illegal purpose (*e. g.*, purchase of narcotics), not necessarily the particular crime committed: assault with intent to commit robbery while armed. Even so, this would not necessarily mean that Jefferson could not be found guilty of aiding and abetting as charged:

> Where a defendant aids and abets in the commission of one crime and other crimes are committed, it may be appropriate to instruct the jury that the defendant is liable for all crimes which (1) occurred in furtherance of the common design or plan to commit the

crime which he aided or abetted or (2) were natural or probable consequences of the crime which he aided and abetted even though he was not the actual perpetrator of these other crimes or might not have intended them to occur. *See United States v. Clayborne*, 166 U.S.App.D.C. 140, 509 F.2d 473 (1974) and *United States v. Heinlein*, 160 U.S.App.D.C. 157, 490 F.2d 725 (1973). Criminal Jury Instructions No. 4.02, *supra, Comment* at 144.