McClinton WILLIAMS, Appellant,

v.

UNITED STATES, Appellee.

Betty Ann JOHNSON, Appellant,

v.

UNITED STATES, Appellee.

Franklin D. SCOTT, Appellant,

v.

UNITED STATES, Appellee.

Nos. 82–1071, 82–1516 and 83–13.

District of Columbia Court of Appeals.

Argued Feb. 22, 1984.

Decided July 30, 1984.

---

Richard S. McMillin, Washington, D.C., appointed by this court, for appellant McClinton Williams.

Paul F. Kemp, Rockville, Md., for appellant Betty Ann Johnson.

Marion E. Baurley, Washington, D.C., appointed by this court, for appellant Franklin D. Scott.

Daniel M. Cisin, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Washington, D.C., at the time the brief was filed, Michael W. Farrell and Thomas J. Tourish, Jr., Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and MACK, Associate Judge, and KERN,* Associate Judge, Retired.

KERN, Associate Judge, Retired:

A jury convicted appellant Williams and appellant Scott on two counts of armed robbery, D.C.Code §§ 22–2901, –3202 (1981), and appellant Williams of carrying a pistol without a license, D.C.Code § 22–3204 (1981).[1] The jury convicted appellant Johnson of being an accessory after the fact to the two counts of armed robbery. Finding the contentions now raised on appeal by Williams and Scott to be insubstantial and the evidence presented against them overwhelming, we affirm their convictions. As to appellant Johnson, we conclude the evidence presented showed her to be a principal in the robbery rather than accessory after the fact of its occurrence and hence we are required to reverse her conviction and direct the entry of a judgment of acquittal as to her on the charge of which she was convicted.

In essence, the evidence of record shows that Williams and Scott were caught red-handed several blocks from the jewelry store they robbed in possession of some jewels, items of personal property, and cash taken from both the store and its salesclerks. Two operable pistols, one toy gun and a green shoulder bag into which eyewitnesses had observed these two appellants place the jewelry during the robbery were in the getaway car which the police stopped only several minutes after the criminal incident took place.

Williams and Scott were returned by the arresting police officers immediately to the scene of the robbery where various witnesses identified them as the perpetrators. In addition, both admitted subsequently at police headquarters participating in the robbery. It should be noted that appellant Johnson, who was not with the other appellants at the store but was arrested driving the auto away from the store, denied any knowledge of the robbery. At trial, Williams presented no evidence, Scott presented two character witnesses and Johnson presented two witnesses and took the stand in her own defense. She admitted that she was with the others prior to the robbery but denied that there was any discussion then of committing a robbery and further denied that when Williams and Scott returned to the car, after leaving her in it for several minutes, she knew they had just committed the crime.

■ Appellants Williams and Scott claim the prosecutor's arguments during summation to the jury were so improper as now to require reversal. We have examined such arguments, to which appellants made no objection at trial, and we conclude that while certain comments therein should not have been made, there is nothing in them approximating plain error that jeopardized the fairness and integrity of the trial. *See Watts v. United States*, 362 A.2d 706, 709 (D.C.1976) (en banc).[2]

■ Next, Williams and Scott claim on appeal for the first time that the trial court should have sua sponte instructed the jury *not only* at the time of its charge after all

---

* Judge Kern was an Associate Judge of the court at the time of argument. His status changed to Associate Judge, Retired, on May 25, 1984.

1. A third defendant was also found guilty of two counts of armed robbery but he does not appeal his conviction.

2. Specifically, the prosecutor at one point in rebuttal argument volunteered his personal opinion as to appellants' guilt and *personally* asked the jurors to find them guilty.

At another point in his argument the prosecutor commented, "Thank God Mr. Williams

didn't pull the trigger, or you would have been sitting on another sort of case today. But we know, thank God, that it's only an armed robbery. . . .

Given the overwhelming evidence against appellants Williams and Scott, the fleeting nature of these remarks in the midst of relatively lengthy argument and the trial court's standard instruction to the jury to view argument not as evidence, we are satisfied the prosecutor's argument in the above respects does not require reversal.

the evidence had been presented *but also* at the time appellants' incriminating statements were received in evidence to consider each such statement only as to the guilt or innocence of its declarant. We assume solely for the purpose of determining this appeal that the court on its own and without request by counsel should have so instructed the jury at the time the appellants' statements were admitted. Nevertheless, we are able to say with fair assurance that this did not substantially sway the jury's verdict. We so conclude upon the basis of the substantial evidence against Williams and Scott presented to the jury and the clear instruction by the court in its charge to the jury that it should not consider the incriminating statements of each appellant as to the other.

■ Appellant Williams asserts that the trial court erred in admitting certain testimony by Officer White, a prosecution witness, which recounted an identification of Williams at the scene of the robbery. We are not persuaded that it was improper for the trial court to receive into evidence Officer White's testimony that the manager "whose name he could not recall ... she just made a remark and that led me to believe that this was one of the persons that perpetrated the crime." Merely because the testifying witness White could not remember the name of the identifying witness at the showup of appellant Williams did not render such testimony inadmissible given the evidence that all three *female* witnesses who participated in the show-up testified at trial and each testified that they had made an identification of Williams.

■ Nor are we persuaded there was error by the trial court in permitting Detective Selby to testify to a conversation with a witness at the scene in which the witness did not identify appellant Williams by name yet remembered the stripes in the shirt of the taller of the two robbers, which was appellant Williams. The record contains testimony by this witness that she recalled "the taller of the two that were inside of the Mimosa [the jewelry store] ... had a striped shirt on." Thus, we reject the contention by appellant Williams that the witness subsequently at trial, by not specifically naming him, had disavowed her earlier on-the-scene identification of the taller of the robbers.

■ Next, appellant Williams points to the overruling by the trial court of his counsel's objection to the reference by Detective Selby, while testifying, to a "Mr. Kennedy" at the scene as another identification witness when Mr. Kennedy did not testify at trial. We deem this ruling to have been error, *see Rice v. United States,* 437 A.2d 582, 583 (D.C.1981), but we conclude the error was harmless given the minimal impact of this one bit of testimony and the weight of the evidence presented against Williams.

■ Finally, appellant Williams contends his attorney was constitutionally ineffective at trial because he failed (1) to object to the particular testimony concerning the showup identifications and the prosecutor's arguments, all detailed above; (2) to request a limiting instruction by the court at the time it admitted into evidence the incriminating statement Williams had made to the police after arrest; (3) to allocute sufficiently at the time sentence was imposed; and, (4) to argue that Williams' post-arrest statement to the police was inadmissible because Williams had a reading difficulty and, therefore, did not understand the *Miranda* warnings given him. We have examined these asserted omissions and conclude that, even assuming arguendo that they amounted to errors by defense counsel, they nevertheless do not amount to a "gross incompetence of counsel [which] in effect blotted out the essence of a substantial defense." *Angarano v. United States,* 312 A.2d 295, 298 n. 5 (D.C. 1973). Nor is the result any different applying the standards on ineffective assistance of counsel announced by the Supreme Court in *United States v. Cronic,* — U.S. —, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984),

and *Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[3]

■ Appellant Scott argues the trial court improperly admitted into evidence a written report a detective prepared of Scott's oral confession after the detective testified at trial that he did not recollect what Scott had said at the time of his arrest. There was no objection by defense counsel and we find no error in the trial court's ruling. *Mitchell v. United States,* 368 A.2d 514, 517–18 (D.C.1977).

We turn now to appellant Johnson's contention that upon the evidence presented she was improperly convicted of the crime with which she was charged: accessory after the fact of the robbery.[4] "An accessory after the fact is one who, knowing a felony to have been committed by another, receives, relieves, comforts, or assists the felon in order to hinder the felon's apprehension, trial, or punishment." *Clark v. United States,* 418 A.2d 1059, 1061 (D.C. 1980) (quoting *Skelly v. United States,* 76 F.2d 483, 487 (10th Cir.1935)).

The evidence presented by the prosecution was that Williams and Scott, immediately after the robbery, crouched down between two parked cars near the jewelry store and then appeared to "sneak" into the auto appellant Johnson was operating. One of the two was carrying a bag that contained some of the robbery's loot. Johnson herself admitted that when appellant Scott entered the car he was armed with a pistol and that she heard "hollering" of "drive, drive, drive." After Johnson drove about two blocks she came to a stop behind other cars stopped at a traffic light and a police van drove up with its lights flashing. The other two appellants and the codefendant were then crouched down in the car. The police arrested all the occu-

pants and recovered from the car loaded pistols and the stolen jewelry and cash.

In *Clark v. United States, supra,* 418 A.2d at 1062, we referred to "the refined analysis of *Jordan v. United States,* 350 A.2d 735 (D.C.1976); *Coleman v. United States,* 111 U.S.App.D.C. 210, 295 F.2d 555 (1961); and *Carter v. United States,* 96 U.S.App.D.C. 40, 223 F.2d 332 (1955); concerning the continuing nature of the crimes of robbery during the asportation of the goods ...." Applying the same analysis to the facts in the instant case, we conclude that an armed robbery was still in progress when appellants Williams and Scott "sneaked" into the car Johnson was driving, carrying a weapon and a bag, respectively, and "hollered" "drive, drive, drive." When Johnson drove the car away under these particular circumstances she was acting as a principal in effecting a robbery by carrying away the proceeds of that robbery. *See id.* The asportation under our analysis continues so long as the robber "indicates by his actions that he is dissatisfied with the location of the stolen goods immediately after the crime...." *United States v. Barlow,* 152 U.S.App.D.C. 336, 344, 470 F.2d 1245, 1253 (1972). Therefore, in the instant case, we are unable to conclude that Johnson is an accessory *after the fact of a robbery* because the definition of that crime requires that the robbery *not* be in progress when aid is rendered. If the felony is in progress, as the evidence showed in the instant case, then appellant Johnson would be guilty as a principal, *viz.,* an aider and abettor, rather than an accessory after the fact. *Id.*

Thus, in the instant case, the jury was presented with evidence that Johnson acted as the principal in a robbery yet she went to trial on the charge of being an accessory after the fact of a robbery. Accordingly,

---

3. We find the contention by appellant Williams that the trial court at sentencing coerced him into incriminating himself to be wholly without merit.

4. Appellant Johnson also contends that the trial court erred in striking certain testimony by her witness and in refusing to sever her case from the cases of the other defendants. We need not reach these contentions in order to dispose of her appeal.

we are faced with whether or not a variance occurred.

"A *variance* occurs when the ... evidence offered at trial proves facts materially different from those alleged in the indictment.... A variance is thought to be bad because it may deprive the defendant of notice of the details of the charge against him and protection against reprosecution." *Barker v. United States*, 373 A.2d 1215, 1218 (D.C.1977) (emphasis in original) (quoting *Gaither v. United States*, 134 U.S.App.D.C. 154, 164–65, 413 F.2d 1061, 1071–72 (1969)).

 In the instant case, a variance was created at trial by the government's proof. *Cf. State v. Sullivan*, 77 N.J.Super. 81, 185 A.2d 410, 415 (1962) ("An accessory after the fact cannot be charged or punished as the principal offender. His of-

fense is distinctly his own, and he is liable to a different punishment ...."). The crime of being an accessory after the fact is fundamentally dissimilar from that of a principal and must be distinctly charged in the indictment. *Id.; see* 41 AM.JUR.2d, *Indictments and Informations* § 157.[5]

Accordingly, the judgment is affirmed as to appellants Williams and Scott. As to appellant Johnson, the conviction is reversed and her case remanded for entry of a judgment of acquittal.

*So ordered.*

---

**5.** Our decision in *Barker v. United States, supra,* is consistent. As we stated in that case, there is no variance if a defendant is charged as a principal and the evidence at trial shows him to be an aider and abettor. This is because D.C.Code § 22–105 (1981) abolishes the distinction between principals and aiders and abettors. How-

ever, our Code does not equate an accessory after the fact to a principal and it provides a separate penalty for the crime of accessory after the fact. D.C.Code § 22–106 (1981).