Willie D. STEVENSON, Jr., Appellant,

v.

UNITED STATES, Appellee.

Andre T. PRICE, Appellant,

v.

UNITED STATES, Appellee.

Nos. 84–1025, 84–1035.

District of Columbia Court of Appeals.

Argued Feb. 12, 1987.
Decided March 30, 1987.

Vincent A. Jankoski, Washington, D.C., appointed by the court, for appellant Stevenson.

Frederick J. Sullivan, Bowie, Md., appointed by the court, for appellant Price.

Maria E. Cassalia, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., were on brief, for appellee.

Before PRYOR, Chief Judge, and FERREN and TERRY, Associate Judges.

PRYOR, Chief Judge:

These consolidated appeals arise from the joint trial of three codefendants,

Charles A. Gibson, Willie D. Stevenson, Jr., and Andre T. Price, on armed robbery charges. D.C.Code §§ 22–2901, –3202 (1981). Price was also charged as an accessory after the fact to the robbery. D.C. Code § 22–106 (1981). The jury found Gibson and Stevenson guilty as charged. Although Price was acquitted on the armed robbery charge, he was convicted as an accessory after the fact. Raising two claims of error, Stevenson and Price appeal their convictions.[1] Specifically, Stevenson claims that the prosecutor made an improper "missing witness" argument that prejudiced his defense while Price complains that there was insufficient evidence to sustain his conviction. Finding no reversible error arising from Stevenson's claim, we affirm his conviction. However, we agree with appellant Price that the evidence was insufficient to convict him as an accessory after the fact, and thus we reverse his conviction.

**I**

At about 12:15 a.m., on March 19, 1983, Ralph McNeal and Ralph Taylor were walking to the Clubhouse Disco in the 1000 block of Upshur Street, Northwest. McNeal decided to return to Taylor's car, which they had parked up the street, to put his wallet in the trunk. Taylor proceeded to the disco. While opening the trunk, McNeal noticed someone standing at his side. This person, later identified as Charles Gibson, displayed a gun and announced a stick-up. Another man, identified as Willie Stevenson, assisted Gibson in taking McNeal's gold chain, wallet, watch and other items. Aided by the street lighting, McNeal was able to see both men clearly as they walked back to their car. McNeal, however, was unable to see the driver of the vehicle. As the car drove away, McNeal saw the license plate and memorized the tag number. After McNeal located Taylor in the disco, he called the police.

Shortly thereafter, the police arrived and McNeal explained the incident. McNeal gave the police a description of the two robbers and their car, including the tag number. Based on this information, a lookout was broadcast for the car. About two hours later, the empty car was observed outside a Seven-Eleven store in the area of Georgia Avenue and Decatur Street, Northwest. When two men entered the car, the police apprehended them and conducted an immediate showup. McNeal identified the passenger, Willie Stevenson, as one of the robbers, but was unable to identify the driver, Andre Price.[2] After the showup, both men were taken into custody.

Detective Willie Jefferson processed Stevenson at the Robbery Branch after he was arrested. After being advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), Stevenson stated that he had gotten into Price's car around 10:00 p.m. on March 18, and had been riding around, but "didn't do no robbery."

Later investigation revealed that the car involved in the robbery was registered to Lucille Miller, Price's mother. She had lent the car to Price on March 18 between 7:30 and 8:00 p.m. The next time she heard from Price was at 3:00 a.m. on the 19th when she received a call from the police station. Mrs. Miller testified that in this conversation with Price, he stated that he had not lent the automobile to anyone and that he and a friend had been driving around all night and had not robbed anyone.

At trial, Price presented no evidence in his defense. Although Stevenson did not testify, he presented a defense of misidentification through the testimony of Jewell Stevenson and his sister, Morisha Ann Price. Miss Price testified that on the evening of March 18, 1983, she saw her brother with Charles Gibson and Ivan Stevenson, Willie's brother, shortly before Price left with his mother's car. Jewell Stevenson, Willie's mother, testified that there is a

---

1. Charles Gibson moved to withdraw his appeal on May 15, 1986. His motion was granted by an order dismissing the appeal on May 21, 1986.

2. Charles Gibson was not present at the Seven-Eleven, but was later identified by McNeal from a photo array and at a lineup.

close family resemblance between Willie and Ivan.

During her rebuttal argument, the prosecutor stated:

> Ladies and gentlemen, don't get distracted from the evidence in this case. That's a phantom, Mr. Ivan Stevenson, a person you have never seen, even though he is the brother of a defendant in this case. You have never seen Mr. Stevenson; he wasn't brought in for you to look at.

In response to this statement, Stevenson moved for a mistrial. The court denied appellant's motion and also refused appellant's request for a curative instruction.

## II

Stevenson contends that the prosecutor's statement, noted above, was an impermissible missing witness argument that prejudiced his defense. We disagree.

 It is settled that before counsel comments on the absence of a witness and expressly asks the jury to infer that the missing witness' testimony would have been unfavorable to the party failing to call the witness, he must first obtain permission from the trial court by establishing the proper foundation. *Parks v. United States*, 451 A.2d 591, 614 (D.C.1982). However, the prosecutor in this case did not directly urge the jury to draw an adverse inference from the absence of the witness. Therefore, the missing witness argument is categorized as incomplete. *Id.* at 614. Prior to *Arnold v. United States*, 511 A.2d 399 (D.C.1986), where we held that trial court permission is necessary even for incomplete missing witness arguments, the law in this area was uncertain. The trial in this case was held long before the *Arnold* decision was published. As we stated in *Arnold,* we cannot fault a prosecutor for failing to obtain the trial court's permission for an incomplete missing witness argument because of the uncertainty of the law at the time. *Id.* at 416. *See also Single-*

*tary v. United States,* 519 A.2d 701 (D.C. 1987) (holding that the *Arnold* decision is prospective in application).

## III

 In circumstances where appellant Price was charged alternatively as an aider and abetter and also as an accessory after the fact, appellant contends the evidence to sustain a conviction for the latter was insufficient. We agree. An accessory after the fact is one who, knowing an offense to have been committed by others, receives, relieves, comforts, or assists the offenders in order to hinder their apprehension, trial or punishment. *Butler v. United States,* 481 A.2d 431, 442 (D.C.1984); *Clark v. United States,* 418 A.2d 1059, 1061 (D.C. 1980).

The complaining witness testified that he saw his two assailants driven away from the scene of the crime by an unknown driver in a vehicle he was able to identify. Appellant Price admitted he had been driving this vehicle on the night of the robbery and was arrested along with appellant Stevenson after entering the driver's side of this car at a nearby convenience store about two hours after the robbery.

Although the law on this issue has not been entirely consistent, we are obliged to follow this court's analysis in *Williams v. United States,* 478 A.2d 1101, 1105 (D.C. 1984), concerning the continuing nature of the crime of robbery during the asportation of goods. Applying the same analysis to the facts of this case, we conclude that Price was not an accessory after the fact.

 Relying heavily on *United States v. Barlow,* 152 U.S.App.D.C. 336, 344, 470 F.2d 1245, 1253 (1972), *Williams* held that the driver of a getaway car in a bank robbery was not an accessory after the fact because the robbery was still in progress during the attempted escape. *See also Fields v. United States,* 484 A.2d 570 (D.C. 1984).[3] The gist of being an accessory

---

**3.** *But see United States v. Irving,* 141 U.S.App. D.C. 216, 217, 437 F.2d 649, 650 (1970) (reversible error to instruct jury that getaway driver could be guilty of aiding and abetting robbery

where driver learned of robbery only when thief emerged from bank with sack of money; instruction described offense of accessory after the fact, not aiding and abetting); *Smith v.*

after the fact essentially lies in obstructing justice by rendering assistance to the offender after the crime has been completed. Quoting *Reg. v. Campbell* (1899), Rap.Jud. Quebec 8 B.R. 322, 2 Can.Crim.Cas. 357, the court in *Barlow* stated:

> In the case of theft, the crime is generally complete when the thief takes and carries away the object which he had formed the design to steal. But the act of carrying the object away may be continued until it is placed somewhere so as not to be found upon him, where it will be securely hidden, and where he can afterwards get it and appropriate it to himself and convert it to his own use. Although the crime may be complete by the mere taking and carrying away of the article, the act of carrying it to a place where it can be concealed and deposited for safe-keeping may enter into the criminal transaction and be a continuation of its commission; and anyone who knowingly assists a thief to conceal stolen property which he is in the actual and proximate act of carrying away renders aid to the actual perpetrator and principal actor and becomes an accessory to the crime, and, under the provisions of the Criminal Code, can be dealt with like as a principal. In this case, the prisoner, according to his own testimony, assisted Coddy in endeavoring to secrete the stolen money, and he aided him afterwards in returning it to him, and, in doing these acts, he became a participator in the criminal transaction and an accomplice in the commission of the offense. He did not become, by his acts, an accessory after the fact, as he did nothing to enable Coddy to escape from justice, and the assistance which he rendered was really in furtherance of the consummation of the theft.

152 U.S.App.D.C. at 344, 470 F.2d at 1253.

■ Similarly, the evidence presented against Price in this case tended to establish that he drove the robbers from the scene of the crime. Given that the robbery was still in progress when Price rendered his assistance, he might have been convict-ed as an aider and abettor, but not as an accessory after the fact.

Accordingly, we affirm Stevenson's conviction, but reverse Price's conviction and remand his case for entry of a judgment of acquittal.

*So ordered.*

*United States,* 113 U.S.App.D.C. 126, 306 F.2d 286 (1962) (construing federal statute).