232 N.J. Super. 432 (1989)
557 A.2d 675
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MICHAEL WILLIAMS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 21, 1989.
Decided April 21, 1989.
*433 Before Judges MICHELS and MUIR, Jr.
Alfred A. Slocum, Public Defender, attorney for appellant (Ronald M. Gutwirth, Designated Counsel, of counsel and on the brief).
Peter N. Perretti, Jr., Attorney General, attorney for respondent (Janet Flanagan, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by MUIR, Jr., J.A.D.
This criminal case had its genesis when D.D., an infant, and Dennis Sutton stepped from a car driven by defendant and, at the point of a simulated handgun, took a large portable radio from a young man. Defendant drove D.D. and Sutton from the scene. During his jury trial on first degree robbery and terroristic threat charges, defendant and Sutton testified defendant did not know the two co-defendants intended to rob the victim when defendant stopped the car to let them out. Based on that purported lack of knowledge, and defendant's testimony he drove his co-defendants from the scene out of fear, defense counsel requested the trial judge charge the crime of hindering apprehension as a lesser included offense of robbery, or as an alternative to robbery. The trial judge denied the request. *434 The trial judge's instructions to the jury did include accomplice liability. The jury convicted defendant of both charges. The trial judge sentenced defendant to two concurrent indeterminate terms with the term on the robbery conviction not to exceed ten years and the term on the other conviction not to exceed three years. The trial judge also imposed an appropriate Violent Crimes Compensation Board penalty.
Defendant appeals, contending:
POINT I THE TRIAL COURT ERRONEOUSLY FAILED TO CHARGE THE JURY THAT DEFENDANT'S CONDUCT MAY HAVE CONSTITUTED HINDERING APPREHENSION AND NOT FIRST DEGREE ROBBERY AND TERRORISTIC THREATS AND THAT SUCH A FINDING REQUIRED THE DEFENDANT'S ACQUITTAL EVEN THOUGH DEFENSE COUNSEL [sic] (PARTIALLY RAISED THE ISSUE BELOW).
POINT II THE TRIAL COURT ALTERNATIVELY ERRED IN REFUSING DEFENSE COUNSEL'S REQUEST TO CHARGE THE JURY THAT DEFENDANT'S CONDUCT MAY HAVE CONSTITUTED THE LESSER INCLUDED OFFENSE OF HINDERING APPREHENSION RATHER THAN FIRST DEGREE ROBBERY AND TERRORISTIC THREATS.
POINT III THE TRIAL COURT ERRONEOUSLY REFUSED TO CHARGE THE JURY THAT DEFENDANT'S CONVICTION AS AN ACCOMPLICE REQUIRED THE STATE TO PROVE DEFENDANT'S GUILT AS AN ACCOMPLICE BEYOND A REASONABLE DOUBT.
POINT IV THE TRIAL COURT'S REFUSAL TO PERMIT CROSS EXAMINATION OF DENNIS SUTTON CONCERNING THE DETAILS OF HIS PLEA BARGAIN WITH THE STATE VIOLATED THE DEFENDANT'S SIXTH AMENDMENT RIGHT TO CONFRONT WITNESSES AGAINST HIM AND REQUIRES THE REVERSAL OF HIS CONVICTION.
POINT V THE TRIAL COURT'S ERRONEOUS REFUSAL TO PERMIT THE DEFENDANT TO PRESENT TESTIMONY CONCERNING HIS STATE OF MIND AT THE APPROXIMATE TIME OF THE ROBBERY PREJUDICED THE DEFENDANT AND VIOLATED HIS RIGHT TO DUE PROCESS OF LAW.
We affirm. In doing so, we conclude that only defendant's first two contentions require comment, since the remainder are clearly without merit. See R. 2:11-3(e)(2).
Despite defendant's contentions to the contrary, the only issue here is whether the crime of hindering apprehension is a lesser included offense of robbery. This is so because the indictment setting forth the charges did not list hindering apprehension as a separate offense. In that absence, the trial *435 judge had no authority to submit the issue of that crime to the jury unless it constituted a lesser included offense of robbery. When a grand jury does not indict a defendant for a crime, and no lesser included crime is implicated, a trial judge cannot supplant the grand jury function by charging an unindicted crime.
In the context of the Code's definition of robbery, the issue is resolved by comparing the liability imposed for behavior designed to assist an actor in avoiding justice, hindering apprehension (N.J.S.A. 2C:29-3a(1)), with behavior designed to assist in the actual commission of the offense, accomplice liability (N.J.S.A. 2C:2-6).
The Code makes a person guilty of robbery
if, in the course of committing a theft, he:
* * * * * * * *
(2) threatens another with or purposely puts him in fear of immediate bodily injury;
* * * * * * * *
An act shall be deemed to be included in the phrase "in the course of committing a theft" if it occurs .. . in immediate flight after commission. [N.J.S.A. 2C:15-1a].
Thus, the crime of robbery is ongoing in nature and continues during the flight immediately after the theft.
Under N.J.S.A. 2C:2-6, the Code reposes criminal accountability on a person who is an accomplice of another person in commission of an offense. Accomplice liability arises if
(1) With the purpose of ... facilitating the commission of the offense; he
* * * * * * * *
(b) Aids ... such other person in committing it. [N.J.S.A. 2C:2-6].
On the other hand, a person is criminally liable under N.J.S.A. 2C:29-3, as applicable here, if
... with the purpose to hinder the apprehension, prosecution, conviction or punishment of another for an offense he
* * * * * * * *

*436 (2) provides or aids in providing ... transportation or other means of effecting escape.
Intended to break from the common law notion that a person who helps an offender avoid justice becomes an accomplice to the original crime, the latter offense rests on a theory of obstructing justice. See II Final Report of the New Jersey Criminal Law Revision Commission, Commentary (1977) at 283. Thus, it is viably distinct from accomplice accountability which imposes criminal liability for aiding in the commission of the original crime.
Defendant's contention, that he could be liable for hindering apprehension because he was involved only in the after-the-fact facilitating of the escape, ignores that under the Code a robbery is not completed by the taking of property by force, but continues into the immediate flight after such an act. By contrast, the Code offense of hindering the apprehension, like the common law crime of accessory after the fact, assumes a completed crime. See N.J.S.A. 2C:39-3a; State v. Sullivan, 77 N.J. Super. 81, 90 (App.Div. 1962); 1 Wharton's Criminal Law, (14 ed. 1978), § 33 at 171. As the District of Columbia Circuit Court of Appeals stated:
The gist of being an accessory after the fact lies essentially in obstructing justice by rendering assistance to hinder or prevent the arrest of the offender after he has committed the crime.... The very definition of the crime also requires that the felony not be in progress when the assistance is rendered because then he who renders assistance would aid in the commission of the offense and be guilty as a principal. [United States v. Barlow, 470 F.2d 1245, 1252-53 (D.C. Cir.1972)].
To this extent, the Code and common law offenses are alike. See also Williams v. United States, 478 A.2d 1101, 1105 (D.C.App. 1984) (inappropriate to convict driver of getaway vehicle as accessory after the fact for armed robbery in light of "the continuing nature of the crimes of robbery during the asportation of the goods").
Here, defendant's conduct occurred "in the course of a theft" because the robbery was ongoing and in progress. The record indicates, and defendant does not dispute, that Sutton and D.D., *437 after theft of the radio induced by threat of fear or immediate bodily injury, were driven from the crime scene by defendant. The police arrested all three within minutes of the theft. Both the stolen radio and the simulated handgun were recovered in the vehicle. Consequently, we conclude the judge correctly denied the request to charge hindering apprehension as a lesser included offense. Moreover, there was no rational basis in the evidence for submitting "hindering apprehension" to the jury for its consideration. See N.J.S.A. 2C:1-8(e); State v. Sloane, 111 N.J. 293, 299-301 (1988); State v. Crisantos (Arriagas), 102 N.J. 265, 278 (1986).
Affirmed.