697 A.2d 145

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. STEVEN L. BAKER, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 27, 1997—Decided July 7, 1997.

Before Judges HAVEY and BROCHIN.

*Brian J. Neff,* Designated Counsel, argued the cause for appellant (*Susan L. Reisner,* Public Defender, attorney; *Mr. Neff,* of counsel and on the brief).

*Marcy H. Geraci,* Deputy Attorney General, argued the cause for respondent (*Peter Verniero,* Attorney General of New Jersey, attorney; *Ms. Geraci,* of counsel and on the brief).

The opinion of the court was delivered by

BROCHIN, J.A.D.

Defendant Steven Baker was convicted of committing first degree armed robbery (*N.J.S.A.* 2C:15–1) as an accomplice or aider and abettor (*N.J.S.A.* 2C:2–6) and of conspiracy (*N.J.S.A.* 2C:5–2) to commit armed robbery. The conviction for conspiracy was merged into the conviction for aiding and abetting armed robbery. Because this was defendant's second Graves Act (*N.J.S.A.* 2C:43–6c) conviction, he was sentenced to a mandatory extended term of fifty years' imprisonment with sixteen and two-thirds years' parole ineligibility.

Defendant was convicted of having participated in the armed robbery of a drug dealer. Defendant supplied the vehicle (variously described as a Jeep, a truck and a car) in which he drove himself and the three other perpetrators of the robbery to the scene of the crime. After the intended victim had been located, defendant parked his vehicle about a block away and waited for his passengers to commit the robbery and to return. In the course of the robbery, the victim was shot in the back. Defendant's cohorts came hurrying back to the vehicle and told him that the victim had been shot. Defendant drove them to the apartment building where he and one of his companions lived. Then, using another car that he owned, defendant drove his two other companions to their homes.

The only differences between the State's and defendant's version of the facts relate to what defendant knew and when he knew it. The State's evidence showed that he participated in the advance planning of the robbery and that he knew beforehand that one of his cohorts was carrying a handgun. Defendant and two of the others who had participated in and been convicted for the robbery testified that defendant thought he was driving his passengers to buy drugs, and that he did not learn about the gun, the robbery, and the shooting until after they had returned to his vehicle.

On appeal, defendant challenges the trial court's instructions to the jury on two grounds: because they failed to relate general

principles of law to the facts of this case and because they permitted the jury to convict defendant even if his only participation in his passengers' activities was to drive the getaway car after learning of the robbery and shooting. Defendant also contends that the verdict was against the weight of the evidence; that a mistrial should have been granted because a State's witness mistakenly referred to him by his brother's first name and his brother was then a defendant in a notorious capital case; and that the sentencing judge failed to consider appropriate aggravating and mitigating factors when he imposed the presumptive sentence of fifty years' imprisonment.

The only argument which warrants substantial discussion is the contention that the charge, which was not objected to at trial, was plain error because it allowed the jury to convict on a finding that defendant was unaware of the gun or robbery until after the perpetrators returned to the car and that he then, as he admitted by his testimony, aided them in their escape. The other arguments are entirely without merit. *R.* 2:11–3(e)(2). We add only the following observations about those other arguments.

■ We agree that the instructions to the jury were phrased in abstract terms and the court did not explicitly relate them to the facts of the case. Making the charge concrete and specific in every case is certainly desirable. *See State v. Concepcion,* 111 *N.J.* 373, 379–80, 545 *A.*2d 119 (1988). If defendant had submitted a factually specific request to charge, that would undoubtedly have facilitated the court's preparing instructions of the sort that he now asserts should have been delivered. *See R.* 1:8–7. There is no indication in the record that such a request to charge was ever presented to the court. Moreover, this trial was short and the testimony was uncomplicated. Defendant's right to a fair trial was not prejudiced because the charge lacked concreteness.

■ The contention that the verdict was against the weight of the evidence is not properly before us on appeal because defendant did not move for a new trial on that ground. *R.* 2:10–1; *State v. McNair,* 60 *N.J.* 8, 9, 285 *A.*2d 553 (1972); *State v.*

*Johnson,* 203 *N.J.Super.* 127, 133, 495 *A.*2d 1367 (App.Div.), *certif. denied,* 102 *N.J.* 312, 508 *A.*2d 195 (1985). Furthermore, the supporting evidence is more than ample.

Neither the denial of a mistrial because a witness referred to defendant a few times as "Scott Baker" rather than as "Steven Baker," nor imposition of the presumptive term of incarceration was an abuse of discretion.

The jury charge on conspiracy to commit armed robbery and accomplice liability for armed robbery included the following:

> In order to convict the defendant, Mr. Baker, you must find beyond a reasonable doubt that he agreed with someone in a manner I have described and did so for the purpose of promoting or facilitating the commission of the crime; in this case, the armed robbery of Isaac Jones.

> . . .

> A person is an accomplice of another person in the commission of a crime when, with the purpose of promoting or facilitating the commission of a crime, he aids, agrees, or attempts to aid such other person in planning or committing it.

These propositions are quoted almost verbatim from the Model Criminal Jury Charges and are unobjectionable.

After commencing deliberations, the jury requested the judge to "review the definition of aiding and abetting." His response contains language similar to that which we have quoted from his original charge. The jury's next question was, "[W]hen is the commission of a crime over?" In reply to an inquiry from the court, the jury foreperson clarified that the "crime" referred to was the armed robbery.

The judge answered the jury's question by repeating his definition of "robbery":

> A person is guilty of robbery, in this case armed robbery, and I defined the requirement that there be a weapon, serious bodily injury. A person is guilty of robbery if, in the course of committing a theft, he knowingly inflicts bodily injury or uses force upon another.

> In order for you to find the defendant guilty of robbery or, in this case, aiding and abetting a robbery, the State is required to prove each of the elements beyond a reasonable doubt:

One, it was in the course of committing a theft. In this connection, you are advised that an act is considered to be in the course of committing a theft if it occurs in an attempt to commit a theft, during the commission of the theft itself, or immediate flight after the attempt or its commission.

The defendant objects to the last quoted paragraph on the ground that it authorized a guilty verdict even if the jury accepted defendant's testimony that he did not know about their carrying a gun or about their plans for a robbery until they returned to his vehicle after they had shot their victim. We agree that the charge has that import, but we are of the view that it correctly states the law.

Robbery is defined as follows:

A person is guilty of robbery if, in the course of committing a theft, he:

(1) Inflicts bodily injury or uses force upon another; . . .

. . .

An act shall be deemed to be included in the phrase "in the course of committing a theft" if it occurs in an attempt to commit theft or in immediate flight after the attempt or commission.

*N.J.S.A.* 2C:15–1.

The literal meaning of the statute is that the "immediate flight after the attempt or commission" is included in "robbery" as defined by *N.J.S.A.* 2C:15–1.

In *State v. Williams,* 232 *N.J.Super.* 432, 435–37, 557 *A.*2d 675 (App.Div.), *certif. denied,* 118 *N.J.* 208, 570 *A.*2d 967 (1989), where the facts were similar to defendant's version of the facts in the present case, we rejected the defendant's contention that his helping the perpetrators of a robbery to escape constituted the lesser offense of hindering apprehension, and not participation in a robbery. We explained the basis of his liability for robbery as follows:

[T]he crime of robbery is ongoing in nature and continues during the flight immediately after the theft.

. . .

Defendant's contention, that he could be liable for hindering apprehension because he was involved only in the after-the-fact facilitating of the escape, ignores

that under the Code a robbery is not completed by the taking of property by force, but continues into the immediate flight after such an act. . . .

Here, defendant's conduct occurred "in the course of a theft" because the robbery was ongoing and in progress. The record indicates, and defendant does not dispute, that Sutton and D.D., after theft of the radio induced by threat of fear or immediate bodily injury, were driven from the crime scene by defendant.

*Cf. N.J.S.A.* 2C:11–3a(3), the felony-murder provision of the Code, which makes homicide murder when committed in the course of committing or attempting to commit one of the enumerated predicate felonies or in "immediate flight therefrom." *See State in Interest of J.R.,* 234 *N.J.Super.* 388, 560 *A.*2d 1279 (Ch.Div.1988) (probable cause for felony murder charge shown where death resulted during defendant's flight from burglary).

Defendant attempts to distinguish *Williams* on the ground that in that case we merely rejected the defendant's argument that the court should have charged hindering apprehension as a lesser included offense of robbery. That was our holding. But we also held that the defendant had properly been convicted of robbery because his driving the other perpetrators from the scene was participation in the commission of that crime.

In *State v. Kamienski,* 254 *N.J.Super.* 75, 91, 603 *A.*2d 78 (App.Div.), *certif. denied,* 130 *N.J.* 18, 611 *A.*2d 656 (1992), we described the trial court's jury charge as follows:

The second example given involved a bank robber who stopped an unsuspecting motorist for a ride to an airport. The hypothetical motorist had no knowledge of the robbery until he was flagged down. The robber entered the car and told the motorist "I just robbed that bank, I got to get away, take me to the airport will you?" The motorist rushed the robber to the airport. Under that hypothetical scenario, the judge told the jury that the driver was chargeable as being an accomplice and probably, also, a conspirator because even though there was no specific agreement other than what he does, what he did was he acted in a way that enabled me to complete the crime.

We also quoted the following portion of the trial court's charge:

Keep in mind the example of the guy driving away. If he drives away knowing that he's helping the bank robber get away, and having that as his purpose, he's guilty as an accomplice or as a conspirator. If, on the other hand, he acts in the same fashion but doesn't know, and doesn't intend that his conduct or his

agreement to act are designed to help somebody commit the robbery, then he's not guilty as an accomplice or as a conspirator.

[254 *N.J.Super.* at 92, 603 *A.*2d 78.]

We held that these instructions were correct.

A similar result was reached in *People v. Turner*, 120 *Mich.App.* 23, 328 *N.W.*2d 5 (1982). In that case, "[t]he only evidence presented against [the defendant] was that she was in the passenger's side of the getaway car after the robbery had occurred and that the money taken in the robbery was later found inside [her] bra." *Id.* 328 *N.W.*2d at 6. She claimed that she was guilty only as an accessory after the fact because the crime of robbery had been completed before she participated in the escape. *Ibid.* The court disagreed, explaining

[R]obbery is ... a continuous offense: it is not complete until the perpetrators reach temporary safety.[1] As such, while the essential elements were completed, the offense continued during the escape. The evidence is, therefore, sufficient to convict [the defendant] of armed robbery as an aider and abettor because she helped hide the money during the escape.

[*Id.* at 7 (citations omitted).]

The cases on which defendant relies do not support his argument that defendant was not guilty as an accomplice or conspirator to robbery if he was not aware of his companions' plans until they returned to his vehicle after the shooting. All of them are distinguishable from the present case because they do not deal with robbery as defined by *N.J.S.A.* 2C:15-1. For example, in *State v. Sullivan*, 77 *N.J.Super.* 81, 185 *A.*2d 410 (App.Div.1962), the crime at issue was pre-Code assault with intent to steal.

---

1 Defendant in the present case has not argued, and could not reasonably argue, that he and his companions had reached a place of comparative safety when they returned to his getaway vehicle. Defendant did not ask the court to instruct the jury to find that defendant's vehicle was a place of comparative safety. The only conclusion from the facts is that the "immediate flight" continued at least until they had reached the apartment complex in which defendant and one of his passengers lived.

*N.J.S.A.* 2A:90–2 (repealed by *L.* 1978, *c.* 95, § 2C:98–2 (eff.Sept. 1, 1979)). The defendant drove the getaway car. Unlike robbery under *N.J.S.A.* 2C:15–1, the crime of assault with intent to steal was completed when the assault was committed. It was therefore important for the court in that case to instruct the jury to determine whether the defendant was a participant in the plan to steal, and therefore liable as a principal, or only a participant in facilitating the escape, and therefore guilty only of hindering apprehension. *Id.* at 89–90, 185 *A.*2d 410. *Bollenbach v. United States,* 326 *U.S.* 607, 66 *S.Ct.* 402, 90 *L.Ed.* 350 (1946); *United States v. Irving,* 437 *F.*2d 649 (D.C.Cir.1970); and *United States v. Varelli,* 407 *F.*2d 735 (7th Cir.1969), *cert. denied,* 405 *U.S.* 1040, 92 *S.Ct.* 1311, 31 *L.Ed.*2d 581 (1972), are all distinguishable for the same reason; none of them deals with a crime which is defined to include the perpetrator's "immediate flight." In fact, the dissent in *United States v. Irving, supra,* argued that the majority ignored the fact that in the trial judge's example on aiding and abetting, the robbery was still in progress when the robber fled the scene by car. The trial judge had said that the driver of the getaway car "could be liable" as an aider and abetter if the crime was still in progress, as distinguished from *Varelli, supra,* where the crime had been completed prior to defendant's involvement. 437 *F.*2d at 654.

The judgment appealed from is therefore affirmed.