**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Janet BROOM, Defendant–Appellant.**

No. 88CA0505.

Colorado Court of Appeals, Div. III.

Feb. 22, 1990.

Rehearing Denied April 5, 1990.

Certiorari Denied Oct. 15, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Ann Feinstein Levis, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Judy Fried, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, Janet Broom, appeals the judgment of conviction entered on a jury verdict finding her guilty of possession of marijuana, cultivation of marijuana, and of being an accessory to those offenses. She asserts that her conviction as both a principal, based on a complicity theory, and accessory was improper given the evidence presented at trial. We agree and reverse.

When sheriff deputies searched a house and garage owned by Jon Visser, defendant was discovered in the garage with a broom in her hands. The garage contained evidence that marijuana plants had been grown there, and remnants of these plants were on the floor. It was stipulated that defendant knew that these were, in fact, marijuana remnants.

The appearance presented by defendant at the time that the deputies entered the garage was sufficient to support a reasonable inference that she was then in the process of cleaning up the debris left after the growing plants had been harvested. There was, however, no other direct evidence that defendant had any prior connection with this marijuana cultivation operation.

Defendant and Jon Visser were charged jointly with several marijuana offenses, including possession of eight ounces or more, § 18–18–106(4)(b), C.R.S. (1986 Repl.Vol. 8B), cultivation, § 18–18–106(8)(a), C.R.S. (1986 Repl.Vol. 8B), and conspiracy to commit these crimes, § 18–2–201(1), C.R.S. (1986 Repl.Vol. 8B). In addition, defendant was also charged with being an accessory in violation of § 18–8–105(1) and (2), C.R.S. (1986 Repl.Vol. 8B) by concealing, destroying, or altering physical evidence with the intent to prevent the discovery of Jon Visser's commission of the crimes charged.

During trial, Visser testified that he had previously pleaded guilty to one marijuana count because he was aware that the person who was leasing the property from him had been growing marijuana on the premises, and he, Visser, did not report this activity to the police. He also testified, however, that the defendant was present on the premises at the time of the search merely to clean the house and that she had gone into the garage immediately before the officers appeared only to obtain a broom that was stored there.

At the end of the People's case, the trial court dismissed the conspiracy charge for insufficiency of the evidence to support a finding of an agreement between Visser and defendant, either express or implied, to commit the crimes of possession or cultivation. At that time, defendant moved to require the People to elect either to seek defendant's conviction on the possession and cultivation charges, or on the accessory charge. She argued that she could not be convicted, based on the evidence presented, both of being a complicitor in the crimes of possession and cultivation and of being an accessory to those crimes. The trial court denied this motion, and all three charges were submitted to the jury.

### I.

The present accessory statute, § 18–8–105, while more specific in its elements, is conceptually similar to its statutory predecessor that proscribed the crime known as "accessory after the fact." *See* § 40–1–13, C.R.S.1963. In order to commit this offense, the actor must "render assistance" to another person with the specific intent to "hinder, delay, or prevent the discovery, detection, apprehension, prosecution, conviction, or punishment" of that other person "for the commission of a crime."

The accessory offense is a crime distinct from the crime of conspiracy with another to commit a crime, and it requires a different specific intent. *See* § 18–2–201, C.R.S. (1986 Repl.Vol. 8B). Likewise, to be adjudged a complicitor under § 18–1–603, C.R.S. (1986 Repl.Vol. 8B), the actor must possess the altogether different specific intent to "promote or facilitate the commission of the offense" by aiding, abetting or advising another in "planning or committing" the offense.

The accessory statute is designed to reach a class of offenders different from those who conspire, plan, or aid in the commission of an offense. Thus, it is gen-

erally true that evidence that would support a conviction for complicity will not support a conviction for being an accessory. *See Lowe v. People*, 135 Colo. 209, 309 P.2d 601 (1957) (decided under prior statutory scheme distinguishing among one who aids and abets, one who is an accessory during the fact, and one who is an accessory after the fact); *Miller v. People*, 92 Colo. 481, 22 P.2d 626 (1933) (person who agrees to buy property to be stolen later is a principal, not an accessory after the fact).

Indeed, some courts have suggested that a principal may never be convicted of also being an accessory. *See, e.g., People v. Chadwick*, 7 Utah 134, 25 P. 737 (1891). *See also* C. Torcia, *Wharton's Criminal Law* § 33 (14th Ed.1978) ("it is obviously impossible for [an accessory's] mens rea to be the same as that of the felon whom he aids.") *Contra Smith v. United States*, 306 F.2d 286 (D.C.Cir.1962) (one who aids and abets principal offense may also be convicted of being an accessory); *People v. Wallin*, 32 Cal.2d 803, 197 P.2d 734 (1948) (principal can be accessory by aiding and abetting another to aid in principal's concealment of crime).

■ However, even if we assume that there may exist some circumstances that would allow a person guilty of the principal offense as a complicitor also to be convicted of being an accessory, we hold that such a result cannot obtain if, as here, the commission of both offenses is grounded upon the same act.

While the analogy is far from perfect, the relationship between a principal offense and the offense of being an accessory is similar to the relationship between the offenses of theft and receiving stolen property. In both instances, the subsequent crime, while independent of the former, may constitute a continuation of the principal offense and may involve but a single transaction. *See People v. Morgan*, 785 P.2d 1294 (Colo.1990). Indeed, if we assume that the requisite intent is present, then an individual deemed to be guilty of receiving stolen property under § 18-4-410, C.R.S. (1986 Repl.Vol. 8B), because of a disposition of that property, might also be considered to have violated the accessory statute by concealing or destroying physical evidence. *See* § 18-8-105(2)(e), C.R.S. (1986 Repl.Vol. 8B).

It has been determined that the General Assembly did not intend for a person guilty of theft in the traditional sense to have the theft by receiving statute applied to him. *People v. Morgan, supra*. Thus, if both crimes are initially charged, a trial court must either require the prosecution to elect between the two crimes or, in the alternative, must instruct the jurors that they may not convict the defendant of both. *People v. Jackson*, 627 P.2d 741 (Colo.1981).

■ The same rule must be applied to the circumstances disclosed by this record. Here, the direct evidence established, at best, only one act by defendant—the cleaning of the garage. That evidence, considered in its best light and without regard to its legal sufficiency, was such that the jury could have inferred that this act on defendant's part was merely the last segment of a continuous course of conduct by her to aid and abet Visser in cultivating and possessing marijuana. In reliance upon such an inference, defendant could be convicted as a complicitor. If such an inference is to be made, however, that same act cannot also serve as a predicate for the jury to convict her of rendering assistance in concealing the crime. *See People v. Morgan, supra*.

On the other hand, if the jury inferred that defendant's criminal activity commenced only with the clean-up after the harvest and that this activity was engaged in to destroy the physical evidence of the crime, then a conviction of being an accessory under § 18-8-105 would be warranted, but a conviction of complicity would not be. *See Lowe v. People, supra*.

Under these circumstances, we conclude that the court erred in refusing to require the People to elect which of the crimes was to be submitted to the jury for its consideration or in not advising the jury that defendant could not be convicted both of the principal offenses of possession and culti-

vation and of the offense of being an accessory.

Further, this error cannot be remedied by any action short of a remand for a new trial. In *People v. Jackson, supra,* a similar error was corrected by a vacation of one of the convictions because the record was "clear" that defendant's actions constituted theft by receiving. Here, however, defendant's guilt of all of the charged offenses was hotly contested, and in addition, the court committed prejudicial instructional error on the accessory charge. We conclude, therefore, that a new trial is required.

## II.

■ Because a similar issue may arise upon any retrial, we also address the question of the propriety of the trial court's instructions upon the elements of the crime of accessory.

Defendant's principal defense to all of the charges was that she was on the premises for the sole purpose of cleaning the house and that she was not engaged in cleaning the garage, but that she had entered the garage only moments before the sheriff's arrival on the premises to obtain a broom. Evidence in support of this defense was presented by Visser. In addition, Visser testified that he had pleaded guilty to a marijuana offense only because he knew of the presence of marijuana on the premises and had failed to report it.

In light of this testimony, defendant requested that the jurors be instructed that mere silence as to one's knowledge of a felony, with no intent to aid the felon, or mere failure to inform the public authorities, does not constitute one an accessory. The court refused this instruction.

Instead, the court instructed the jury on the elements of accessory in the form set forth in *COLJI–Crim.* No. 25:04 (1983). However, while the accessory statute specifically defines "render assistance," as that term is used in the statute and in this instruction, no definition of this term was provided to the jury. We hold that, since this term carries a specific statutory definition, that portion of the definition applicable to the People's evidence must be instructed upon. *See COLJI–Crim.* No. 25:04 (1983) (Notes on Use) ("When this instruction is given, the applicable definition of 'render assistance' must be given.") Failure to do so here may have led the jurors to conclude that mere presence is "assistance" under the statute.

Further, it is undisputed that defendant's tendered instruction contained an accurate statement of law. And, in light of Visser's explanation for defendant's presence on the property and for *his* guilty plea, we conclude that defendant was entitled in this case to have the jury informed that mere knowledge of a crime and a failure to report the same do not alone constitute being an accessory. *See People v. Dillon,* 655 P.2d 841 (Colo.1982); *People v. Lowe, supra.*

## III.

In light of our disposition of the foregoing issues, we need not address defendant's other contention.

The judgment is reversed and the cause is remanded to the trial court for a new trial.

TURSI and METZGER, JJ., concur.