<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000080
30-MAR-2021
07:48 AM
Dkt. 50 OP**</span>

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---oOo---

STATE OF HAWAI'I, Plaintiff-Appellee, v.
MALIA KAALANEO LAJALA, Defendant-Appellant,
and
KRYSTLE LYNN FERREIRA, and JORGE ALLEN
PAGAN-TORRES, Defendants

NO. CAAP-20-0000080

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3PCP-19-0000556)

MARCH 30, 2021

GINOZA, C.J., AND WADSWORTH AND NAKASONE, JJ.

OPINION OF THE COURT BY WADSWORTH, J.

Defendant-Appellant Malia Kaalaneo Lajala (**Lajala**)
appeals from the "Judgment of Conviction and Sentence As To . . .
Lajala" (**Judgment**), entered on January 28, 2020, in the Circuit
Court of the Third Circuit (**Circuit Court**).[1/]  After a jury trial,
Lajala was convicted of Hindering Prosecution in the First Degree
(**Hindering Prosecution One**), in violation of Hawaii Revised
Statutes (**HRS**) § 710-1029(1),[2/] and Assault Against a Law

---

[1/]    The Honorable Robert D.S. Kim presided.

[2/]    HRS § 710-1029 (2014) provides:

        **Hindering prosecution in the first degree.** (1) A
person commits the offense of hindering prosecution in the
first degree if, with the intent to hinder the apprehension,
          (continued...)

Enforcement Officer in the Second Degree (**AALEO Two**), in violation of HRS § 707-712.6.[3]

Under HRS § 710-1029(1), a person commits the offense of Hindering Prosecution One if the person "renders assistance" to another person with the required intent.  See supra note 2. HRS § 710-1028 (2014) defines "renders assistance" (see infra p. 9) for purposes of HRS § 710-1029(1).  Lajala raises a single point of error on appeal, contending that the Circuit Court erred in instructing the jury on the charge of Hindering Prosecution One by omitting the statutory definition of "renders assistance."

We hold that the jury instruction on the charge of Hindering Prosecution One was prejudicially insufficient and erroneous for failing to define "renders assistance" for the purpose of determining the material elements, including the conduct element, of the charged offense, *i.e.*, that Lajala rendered assistance to another person.  We therefore vacate the Judgment as to Lajala's conviction for Hindering Prosecution One and remand the case for a new trial on that charge.[4]  On remand, the Circuit Court should separately instruct the jury as to the definition of "renders assistance," consistent with the applicable provisions of HRS § 710-1028.

---

[2] (...continued)
    prosecution, conviction, or punishment of another for a class A, B, or C felony or murder in any degree, the person renders assistance to the other person.

    (2) Hindering prosecution in the first degree is a class C felony.

[3] HRS § 707-712.6 (2014) provides:

    **Assault against a law enforcement officer in the second degree.** (1) A person commits the offense of assault against a law enforcement officer in the second degree if the person recklessly causes bodily injury to a law enforcement officer who is engaged in the performance of duty.

    (2) Assault of a law enforcement officer in the second degree is a misdemeanor. The court shall sentence the person who has been convicted of this offense to a definite term of imprisonment, pursuant to section 706-663, of not less than thirty days without possibility of probation or suspension of sentence.

[4] Lajala does not challenge her conviction for AALEO Two.

## I. Background

On August 14, 2018, Plaintiff-Appellee State of Hawaiʻi (**State**) filed a seven-count Indictment against Lajala and several other defendants in Case No. 3CPC-18-00000639. Lajala was charged with the following five counts: 1) Hindering Prosecution One; 2) Attempted Murder in the First Degree, in violation of HRS §§ 702-222, 705-500(1)(b), and 707-701(1)(b); 3) Place to Keep Pistol or Revolver, in violation of HRS §134-25(a); 4) Conspiracy to Commit Hindering Prosecution in the First Degree (**Conspiracy to Commit Hindering Prosecution One**), in violation of HRS §§ 710-1029(1) and 705-520; and 5) Promoting a Dangerous Drug in the Third Degree, in violation of HRS § 712-1243(1).

On July 30, 2019, the Circuit Court entered its Findings of Fact, Conclusions of Law and Order Granting Motion for Relief from Prejudicial Joinder (**Severance Order**) in Case No. 3CPC-18-00000639, which severed the trial of Lajala and two other defendants from their previously consolidated trial with a fourth defendant. Pursuant to the Severance Order, on July 31, 2019, the Indictment was re-filed under Case No. 3CPC-19-00000556, creating the present case.

The trial of Lajala and her two co-defendants began on September 26, 2019. Testimony continued through the morning of October 30, 2019.[5]

On October 23, 29 and 30, 2019, the State filed supplemental requested jury instructions. The "State's Proposed Instruction No. 14" set out the elements of Hindering Prosecution One, including the conduct element that "[e]ach defendant rendered assistance to a person[,]" but did not define the phrase "rendered assistance." On October 28, 2019, Lajala filed supplemental proposed jury instructions, which requested only that Hawaiʻi Pattern Jury Instruction – Criminal, also known as Hawaiʻi Standard Jury Instruction Criminal (**HAWJIC**), No. 14.07A, entitled "Renunciation of Conspiracy," be given to the jury. On October 30, 2019, co-defendant Jorge Allen Pagan-Torres (**Pagan-Torres**) filed supplemental requested jury instructions. Pagan-

---

[5] The record on appeal does not include the trial transcripts.

3

Torres's supplemental requested instruction no. 5 set out the elements of Hindering Prosecution One, as well as the following definition of "renders assistance," derived from HAWJIC No. 12.13:

> "Renders assistance" means:
>
> (1) Harboring or concealing another person;
>
> (2) Warning another person of impending discovery, apprehension, prosecution or conviction, except this does not apply to a warning given in connection with an effort to bring another person into compliance with the law;
>
> (3) Providing another person with money, transportation, weapon, disguise, or other means of avoiding discovery, apprehension, prosecution or conviction;
>
> (4) Preventing or obstructing, by means of force, deception, or intimidation, anyone from performing an act that might aid in the discovery, apprehension, prosecution or conviction of another person; or
>
> (5) Suppressing by an act of concealment, alteration, or destruction any physical evidence that might aid in the discovery, apprehension, prosecution or conviction of another person.

This definition substantially mirrors the definition of "renders assistance" set forth in HRS § 710-1028. See infra p. 9.

On October 30 and 31, 2019, the Circuit Court and the parties settled the jury instructions. It appears that Lajala joined Pagan-Torres's request that the jury be given supplemental requested instruction no. 5, but that the Circuit Court, "over defense objection," adopted a merged and modified version of the State's proposed instructions regarding Hindering Prosecution One and Conspiracy to Commit Hindering Prosecution One.[6] In later ruling on Lajala's motion for a new trial (see infra), the Circuit Court stated:

> On October 31, 2019, Defendant Lajala, Defendant Ferreira, and Defendant Pagan-Torres objected to the State's Proposed Instruction 14 and State's Proposed Instruction 16 proffered by the State on October 30, 2019, regarding Hindering Prosecution in the First Degree and Conspiracy to

---

[6]    The record on appeal does not include a transcript of the settlement of the jury instructions. However, on November 18, 2019, LaJala filed a motion for a new trial (see infra), which included her counsel's declaration stating that "Defendant LAJALA joined [counsel for Pagan-Torres's] submission of his Requested Supplemental Jury Instruction No. 5 . . .[,] which the Court refused, instead adopting the State's instruction over objection." Lajala essentially repeats this assertion in her opening brief, and the State does not dispute it.

> Commit Hindering Prosecution in the First Degree, which the
> Court gave as merged and modified over Defense objections.

"Findings of Fact, Conclusions of Law, and Order Denying Defendant . . . Lajala's Motion for a New Trial Pursuant to Rule 33 of the Hawaii Rules of Penal Procedure, Filed Herein on November 18, 2019" (**FOFs/COLs/Order**), Jan. 9, 2020, at 2.

On November 5, 2019, the jury instructions were read to the jury. The Circuit Court instructed the jury as follows regarding the charge of Hindering Prosecution One:

> In Charge 1, the defendants are charged as principal(s) and/or accomplice(s) with Hindering Prosecution in the First Degree.
>
> A person commits the offense of Hindering Prosecution in the First Degree if, with the intent to hinder the apprehension, prosecution, conviction, and/or punishment of another person, for murder in any degree, he/she/they intentionally renders assistance to that person.
>
> There are three material elements of the offense of Hindering Prosecution in the First Degree, each [of] which the prosecution must prove beyond a reasonable doubt.
>
> These material elements are:
>
> 1. (Conduct): Each defendant rendered assistance to a person;
>
> 2. (Attendant Circumstance): Each defendant rendered such assistance to that person with the intent to hinder the apprehension, prosecution, conviction, and/or punishment of such person for murder in any degree; and
>
> 3. (Result of Conduct): Assistance was rendered to the person by each defendant; and
>
> The Prosecution must also prove beyond a reasonable doubt:
>
> 4. (state of mind): Each defendant acted intentionally as to the above material elements; and
>
> 5. (date and venue): The above occurred on July 17-20, 2018 in the County and State of Hawai'i. The exact date is not an element which is required to be proved.

The jury instructions did not define "renders assistance" or "rendered assistance."

On November 6, 2019, after jury deliberations had begun, the Circuit Court received the following question from the jury: "What's the difference Between Hindering prosecution in the first degree? and Commit hindering Prosecution in the first

5

degree?" The Circuit Court responded: "Please refer to the jury instructions provided to you."

On November 7, 2019, the jury found Lajala guilty as charged of Hindering Prosecution One and guilty of AALEO Two, as a lesser included offense of Attempted Murder in the First Degree.

On November 18, 2019, Lajala filed a motion for a new trial. She argued that the jury instruction on the charge of Hindering Prosecution One was prejudicially insufficient, erroneous, or misleading because it "failed to provide [an] adequate definition for '[r]enders assistance' as . . . contained in the pattern instruction" that the defense submitted. On November 27, 2019, the State filed an opposition to Lajala's motion for a new trial.

On January 9, 2020, the Circuit Court issued the FOFs/COLs/Order denying Lajala's motion for a new trial. The FOFs/COLs/Order stated in relevant part:

### FINDINGS OF FACTS

. . . .

3. During trial, evidence was presented that Justin Waiki was being sought by law enforcement as of July 17, 2018 as a suspect for the murder of Officer Bronson Kaliloa.

4. During trial, evidence was presented that Defendant Lajala warned Justin Waiki of police locations and roadblocks in order to impede his discovery by law enforcement while they were trying to apprehend him for the crime of Murder.

5. During trial, evidence was presented that Defendant Lajala provided Justin Waiki with transportation, and gas and food money in order to impede his discovery by law enforcement while they were trying to apprehend him for the crime of Murder.

. . . .

### CONCLUSIONS OF LAW

. . . .

. . . .

C. The Jury Instruction given was substantively correct without including the definition of renders assistance; . . . because the Jury Instruction given includes as an attendant circumstance that "each defendant rendered such assistance to that person with the intent to hinder the apprehension, prosecution, conviction, and/or punishment of such person for murder in any degree," . . . .

6

> D.    Furthermore, had the definition of "renders assistance" been included in the Jury Instruction, the whole of the record shows that Defendant Lajala would have been found to have committed at least two of the acts of, specifically:
>
> > "2. Warning another person of impending discovery, apprehension, prosecution or conviction. . . ;
> >
> > 3. Providing another person with money, transportation, weapon, disguise, or other means of avoiding discovery, apprehension, prosecution, or conviction;"
>
> E.    Thus there is no reasonable probability that the error of omitting the definition of "renders assistance" might have contributed to conviction."  [State v.] Nichols[, 111 Hawaiʻi 327,] 334, [141 P.3d 974,] 981 [(2006)].
>
> . . . .
>
> G.    While a definition of renders assistance is provided in the Hawaii Pattern Jury Instruction 12.13, the lack of it in the Jury Instruction given is not prejudicial as the plain meaning of the term is sufficient for the purposes of instructing the jury. . . .

(Original brackets omitted.)

Following entry of the Judgment, Lajala timely filed this appeal.

## II. Standards of Review

When jury instructions or their omission are at issue on appeal, "the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading." Stanley v. State, 148 Hawaiʻi 489, 500, 479 P.3d 107, 118 (2021) (emphasis omitted); State v. Metcalfe, 129 Hawaiʻi 206, 222, 297 P.3d 1062, 1078 (2013).

> Erroneous instructions are presumptively harmful and are a ground for reversal unless it affirmatively appears from the record as a whole that the error was not prejudicial.  Error is not to be viewed in isolation and considered purely in the abstract.  It must be examined in the light of the entire proceedings and given the effect which the whole record shows it to be entitled.  In that context, the real question becomes whether there is a reasonable possibility that error might have contributed to conviction.  If there is such a reasonable possibility in a criminal case, then the error is not harmless beyond a reasonable doubt, and the judgment of conviction on which it may have been based must be set aside.

Stanley, 148 Hawaiʻi at 500-01, 479 P.3d at 118-19 (quoting State

v. Holbron, 80 Hawaiʻi 27, 32, 904 P.2d 912, 917, <u>reconsideration denied</u>, 80 Hawaiʻi 187, 907 P.2d 773 (1995)); <u>see also</u> <u>State v. Nichols</u>, 111 Hawaiʻi 327, 337, 141 P.3d 974, 984 (2006) ("[O]nce instructional error is demonstrated, we will vacate, without regard to whether timely objection was made, if there is a reasonable possibility that the error contributed to the defendant's conviction[.]").

### III. Discussion

Lajala argues that the jury instruction on the charge of Hindering Prosecution One was prejudicially insufficient and erroneous because it omitted the definition of "renders assistance" stated in HRS § 710-1028, which is substantially restated in HAWJIC No. 12.13. Lajaja contends: "Without that statutory definition included in the instruction, how could the jury unanimously find beyond a reasonable doubt that [Lajala] committed any particular act that would constitute 'renders assistance.'" She further contends that the omission of the statutory definition "resulted in an ambiguity of the conduct [that Lajala] engaged in that would constitute 'rendering assistance[,]' [which] . . . might have infected the jury's deliberations" regarding the conduct element of Hindering Prosecution One.

"In a jury trial, it is the court's responsibility to ensure that the jury is properly instructed on the law and the questions the jury is to decide." <u>State v. Abella</u>, 145 Hawaiʻi 541, 556, 454 P.3d 482, 497 (2019) (citing <u>Nichols</u>, 111 Hawaiʻi at 334-35, 141 P.3d at 981-82). The State must prove "[e]ach element of the offense" beyond a reasonable doubt. HRS § 701-114 (2014). That the defendant "rendered assistance" to another person is an element of the offense of Hindering Prosecution One (HRS § 710-1029); whether the defendant rendered such assistance is a question of fact for the jury to decide.

The Hawaii Penal Code defines the phrase "renders assistance" as used in the hindering prosecution statutes, HRS §§ 710-1029 and 710-1030. HRS § 710-1028. Under HRS § 710-1028,

a person renders assistance to another if he [or she]:

(1) Harbors or conceals such person;

(2) Warns such person of impending discovery, apprehension, prosecution, or conviction, except this does not apply to a warning given in connection with an effort to bring another into compliance with the law;

(3) Provides such person with money, transportation, weapon, disguise, or other means of avoiding discovery, apprehension, prosecution, or conviction;

(4) Prevents or obstructs, by means of force, deception, or intimidation, anyone from performing an act that might aid in the discovery, apprehension, prosecution, or conviction of such person; or

(5) Suppresses by an act of concealment, alteration, or destruction any physical evidence that might aid in the discovery, apprehension, prosecution, or conviction of such person.

While these five categories cover a wide variety of assistance in the context of attempts to evade or impede justice, they delineate a limited universe. They do not include all possible kinds of assistance, by act or omission, that one person may give to another. The commentary to HRS §§ 710-1028 to 710-1030 provides, in relevant part:

[T]he conduct involved in these sections is treated sui generis as a form of obstructing justice. The offense of hindering prosecution focuses on the fact that the real danger involved in such conduct is that of subverting or obstructing the administration of justice. . . .

The underlying conduct involved in these sections is that of rendering assistance to another. *Such assistance is defined in terms of attempts to evade or impede justice at any stage of the apprehension, prosecution, conviction, or punishment of a potential or actual offender*.

(Emphasis added; footnote omitted.) See also State v. Line, 121 Hawaiʻi 74, 80, 214 P.3d 613, 619 (2009) (noting that "[t]he commentaries to both the resisting arrest statute and hindering prosecution statutes 'describe the prohibited conduct as a form of obstructing justice'").

The Hawaiʻi Supreme Court has repeatedly ruled that the elements of a charged offense, including the conduct element, must be accurately defined for the jury. For example, in State v. Faria, 100 Hawaiʻi 383, 60 P.3d 333 (2002), the court vacated the defendant's conviction for Unauthorized Entry into a Motor Vehicle (**UEMV**) under HRS § 708-836.5 (2000), because the trial

court failed to define for the jury the specific conduct constituting "entry" for purposes of the UEMV statute.  Id. at 390, 394-95, 60 P.3d at 340, 344-45.  In reaching this conclusion, Chief Justice Moon stated:

> Although words with commonplace meanings need not necessarily be defined for a jury, an instruction should be given where words are susceptible to differing interpretations, only one of which is a proper statement of the law.  See, e.g., State v. Shabazz, 98 Hawaiʻi 358, 385, 48 P.3d 605, 632 (App. 2000) (stating that because the common meaning of "consent" subsumed both express and implied consent, the jury should have been given a more specific definition).  The word "enter" is susceptible to more than one meaning.  "Enter" could mean an intrusion into a place by a person's whole body, by part of the body, or by an instrument appurtenant to the person's body.

Id. at 389, 60 P.3d at 339 (some citations omitted); see id. at 395, 60 P.3d at 345 (Acoba, J., concurring in part with Ramil, J., and dissenting to the decision of Moon, C.J.) ("Because the term 'entry' is ambiguous, each juror could have had a different view of its meaning, thereby depriving Defendant of a unanimous verdict.").  Because the UEMV and related burglary statutes did not define "entry," the court supplied a case-law derived definition of the term for purposes of the UEMV statute.  See id. at 389, 60 P.3d at 339; id. at 392, 60 P.3d at 342 (Nakayama, J., concurring and dissenting).

The supreme court's decision in State v. Kupihea, 98 Hawaiʻi 196, 46 P.3d 498 (2002), is also instructive.  There, the court vacated the defendant's conviction for Prohibited Acts Related to Drug Paraphernalia (**PARDP**) under HRS § 329-42.5(a) (1993).  Id. at 198, 4 P.3d at 500.  As relevant here, the Kupihea court ruled that the trial court's failure to instruct the jury as to the definition of "drug paraphernalia," which is defined in HRS § 329-1, was not harmless.  Id. at 204, 46 P.3d at 506.  The court initially observed that the jury instruction stating the elements of PARDP "does not outline the definition of drug paraphernalia in a manner that would be easily understood by the jury."  Id.  The court further stated:

> From th[e] instruction [at issue], the jury would not be able to deduce what drug paraphernalia is.  Because "'it is a grave error to submit a criminal case to a jury without accurately defining the offense charged and its elements[,]'" State v. Jones, 96 Hawaiʻi 161, 168, 29 P.3d 351, 358 (2001) (brackets omitted) (quoting [State v. ]Jenkins, 93 Hawaiʻi [87,] 108, 997 P.2d [13,] 34 [(2000)]),

10

> we conclude that it was not harmless error for the court to have failed to define "drug paraphernalia" in the instant case. "'[A]n essential or material element of a crime is one whose specification with precise accuracy is necessary to establish the very illegality of the behavior[.]'" State v. Vanstory, 91 Hawaiʻi 33, 44, 979 P.2d 1059, 1070 (1999) (quoting United States v. Johnson, 152 F.3d 618, 630 (7th Cir. 1998)) (brackets omitted). Whether or not the green plastic container or clear plastic ziplock bag constituted "drug paraphernalia" is, thus, a material element of the crime at issue and the phrase "drug paraphernalia" needed to be defined. Accordingly, we instruct that, on remand, the court separately instruct the jury as to the definition of drug paraphernalia.

Id. (some citations omitted). The court noted that the broad definition of drug paraphernalia in the first paragraph of HRS § 329-1 is "all inclusive," and that the twelve categories of items following the first paragraph are "merely illustrative" of what is included in the broad definition. Id. at 205, 46 P.3d at 507. The court made clear that the trial court was not mandated to recite in its jury instructions all twelve categories of items (or all fourteen factors listed in HRS § 329-1 "in determining whether an object is drug paraphernalia"), and should refer only to those items or factors having a rational basis in the admissible evidence adduced at trial. Id. at 206, 46 P.3d at 508.

Here, the phrase "renders assistance," like the terms "entry" in Faria and "drug paraphernalia" in Kupihea, is susceptible to multiple meanings. In fact, HRS § 710-1028 identifies five categories of conduct (see supra) that constitute rendering assistance for purposes of the hindering prosecution statutes. As previously discussed, these five categories do not include all possible kinds of assistance that one person may give to another. In other words, "renders assistance" carries a specific and limited statutory definition for the purposes of HRS § 710-1029. Absent this definition, "renders assistance" is susceptible to meanings **other than those** set forth in HRS § 710-1028.

The Circuit Court's charge to the jury on Hindering Prosecution One did not contain any instruction defining "renders assistance" for the purpose of determining the material elements, including the conduct element, of the offense, *i.e.*, that Lajala rendered assistance to Waiki. As in Kupihea, the jury would not

11

have been able to deduce the statutory definition of a material element of the charged offense — which, here, is specific and limited — from the court's instructions. Rather, the jury was left without guidance as to whether the evidence was sufficient to establish, for example, the conduct element of Hindering Prosecution One. Moreover, because the phrase "renders assistance" is susceptible to multiple meanings, each juror could have had a different view of its meaning, thereby depriving Lajala of a unanimous verdict on the conduct element of the offense.[7]

The State argues that the jury instructions on the charge of Hindering Prosecution One were not erroneous because the portion of the instructions that set out the attendant-circumstances element of the offense — *i.e.*, that "[e]ach defendant rendered such assistance to that person with the intent to hinder the apprehension, prosecution, conviction, and/or punishment of such a person" — "substantially reflects the portion of the definition of 'renders assistance' that [Lajala] committed." Referring to HRS § 710-1028(3), the State further argues that Lajala provided Waiki "with money, transportation, and/or other means of avoiding discovery, apprehension, prosecution, or conviction[,]" and that the issue for the jury was "whether [Lajala's] actions were taken with the intent to hinder the apprehension, prosecution, conviction, and/or punishment of . . . Waiki, which is exactly what the attendant circumstances element instructed." (Emphasis omitted.)

This reasoning is circular, and appears to overlook the jury's role in determining each element of the charged offense. As reflected in the jury instruction regarding Hindering Prosecution One, the jury was charged with deciding, among other things, whether "[e]ach defendant rendered assistance to a person[,]" i.e., the conduct element of the offense. Regardless of the purported strength of the evidence with respect to that element, it was reserved for the jury as factfinder to determine. Nothing in the jury instructions defined "renders assistance" for

_____

[7]    Because Lajala has not challenged the Circuit Court's unanimity instruction on appeal, we do not separately address its sufficiency.

12

the purpose of determining the conduct element of Hindering Prosecution One; nothing defined such assistance, for example, as "provid[ing] [another] person with money, transportation, weapon, disguise, or other means of avoiding discovery, apprehension, prosecution, or conviction[.]" HRS § 710-1028(3). Indeed, nothing defined "renders assistance" for the purpose of determining the attendant-circumstances element of the offense, i.e., that "[e]ach defendant **rendered such assistance** to that person with the intent to hinder the apprehension, prosecution, conviction, and/or punishment of such person for murder in any degree[.]" (Emphasis added.) Furthermore, the State's argument does not address the underlying jury unanimity issue — that absent a definition of "renders assistance," each juror could have had a different view of its meaning, thereby depriving Lajala of a unanimous verdict on the conduct element of the offense.

Because "it is a grave error to submit a criminal case to a jury without accurately defining the offense charged and its elements[,]" we conclude that the Circuit Court erred in failing to instruct the jury on the definition of "renders assistance" in this case. Kupihea, 98 Hawaiʻi at 204, 46 P.3d at 506 (internal quotation marks omitted); see Abella, 145 Hawaiʻi at 556-60, 454 P.3d at 497-501 (holding that the failure to instruct the jury on intervening causation was plain error in a manslaughter prosecution); State v. Paris, 138 Hawaiʻi 254, 265, 378 P.3d 970, 981 (2016) (holding that a jury instruction that "finds no basis in the statutory definition of 'custody,'" and was inconsistent with another instruction stating the statutory definition of custody, was erroneous, inconsistent and misleading); see also People v. Broom, 797 P.2d 754, 757 (Colo. App. 1990) (holding that since the term "render assistance" carries a "specific statutory definition" under Colorado law, the jury must be instructed on that portion of the definition applicable to the prosecution's evidence).

Lajala further contends that there is a reasonable possibility that the Circuit Court's instructional error might have contributed to her conviction, such that the error is not

harmless beyond a reasonable doubt.  The State, on the other hand, argues that the record on appeal, which does not include the trial transcripts, is "insufficient . . . to determine that there was a reasonable possibility that the error may have contributed to the conviction[,]" and that Lajala "has failed to meet her duty in establishing a proper record that would entitle her to relief."  The State further asserts that "the trial record would reflect that there was no possibility that the jury could have determined that [Lajala's] actions failed to fall within one of the categories set forth in the statutory definition of renders assistance."

The State is correct that this court, in determining whether instructional error is harmless, must examine the error in the light of the entire proceedings, including the evidence adduced at trial, and give the error the effect that the whole record shows it to be entitled.  See Stanley, 148 Hawaiʻi at 500, 479 P.3d at 118.  However, the State misapprehends the applicable standard of review in arguing that Lajala "has failed to meet her duty" to furnish a sufficient record in these circumstances.  Erroneous jury instructions are presumptively harmful.  Id. Thus, once instructional error is established in a criminal case, the burden shifts to the State to show that the error was harmless beyond a reasonable doubt.  See State v. DeLeon, 131 Hawaiʻi 463, 479, 319 P.3d 382, 398 (2014).

Here, that means it was the State's duty to provide a sufficient record for this court to determine whether the Circuit Court's instructional error was harmless beyond a reasonable doubt.  Because the State failed to do so, we cannot conclude the error was harmless; rather, we must presume the error was harm**ful**.[8/]  As a result, we conclude that when read and considered

_____

[8/]    We reach the same result regardless of the Circuit Court's allegedly unchallenged conclusion that "there is no reasonable probability that the error of omitting the definition of 'renders assistance' might have contributed to conviction."  The State has not provided us with a sufficient record to review this conclusion.  Accordingly, it is not clear how the Circuit Court could have reached this conclusion, given that it failed to accurately define the charged offense and its elements.  Indeed, the Circuit Court's related conclusion that Lajala "would have been found to have committed at least two" different categories of "render[ing] assistance" under HRS § 710-1028 only underscores the possibility that, absent an instruction on

(continued...)

as a whole, the instructions given were prejudicially insufficient and erroneous, and the judgment of conviction must be set aside.

Accordingly, on remand, the Circuit Court should separately instruct the jury as to the definition of "renders assistance," consistent with the applicable provisions of HRS § 710-1028. The court is not required to refer to all five categories of assistance enumerated in HRS § 710-1028, but should refer to those categories "having a rational basis in the evidence adduced at trial and not otherwise excludable." Kupihea, 98 Hawaiʻi at 206, 46 P.3d at 508.

### IV. Conclusion

Based on the reasons discussed above, we vacate the "Judgment of Conviction and Sentence As To . . . Lajala," entered on January 28, 2020, in the Circuit Court of the Third Circuit, only as to Count 1, Hindering Prosecution in the First Degree. The case is remanded to the Circuit Court for further proceedings consistent with this Opinion.

On the briefs:                          /s/ Lisa M. Ginoza

James Biven,
for Defendant-Appellant.                /s/ Clyde J. Wadsworth


Stephen L. Frye,                        /s/ Karen T. Nakasone
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

---

[8/] (...continued)
the definition, different jurors could have had different views of the phrase's meaning, thereby depriving Lajala of a unanimous verdict on the conduct element of Hindering Prosecution One.